## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-11375-tmd** |
| **360 MORTGAGE GROUP, LLC,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |
| | § | |

## DEBTOR 360 MORTGAGE GROUP, LLC'S ORIGINAL
## CHAPTER 11 PLAN OF LIQUIDATION DATED OCTOBER 15, 2019

Dated: October 15, 2019

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1101 (fax)

By: */s/ Lynn H. Butler*
    Lynn Hamilton Butler
    Texas Bar No. 03527350
    lynn.butler@huschblackwell.com
    Buffey E. Klein
    Texas Bar No. 24032515
    buffey.klein@huschblackwell.com
    Jameson J. Watts
    Texas Bar No. 24079552
    jameson.watts@huschblackwell.com

**PROPOSED COUNSEL FOR THE DEBTOR**

# TABLE OF CONTENTS

**Page**

ARTICLE 1 TREATMENT OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS ........................................................................................................................... 2

1.1    Administrative Claims ......................................................................................... 2

1.2    United States Trustee Fees .................................................................................. 2

1.3    Administrative Bar Date ...................................................................................... 2

1.4    Administrative Claim Reserve ............................................................................ 2

1.5    Claims of Professionals ....................................................................................... 2

1.6    Claims of Professionals Bar Date ....................................................................... 2

1.7    Claims of Professionals Objection Deadline ...................................................... 3

1.8    Professionals Account ......................................................................................... 3

ARTICLE 2 DIVISION OF CREDITORS AND INTEREST HOLDERS INTO CLASSES ...................................................................................................................... 3

2.1    Classification ....................................................................................................... 3

2.2    Impaired Classes of Claims or Interests ............................................................. 3

2.3    Impairment Controversies ................................................................................... 3

ARTICLE 3 ACCEPTANCE OR REJECTION OF THIS PLAN ..................................... 4

3.1    Voting of Claims .................................................................................................. 4

3.2    Acceptance by a Class of Creditors or Interest Holders .................................... 4

3.3    Cramdown ............................................................................................................ 4

ARTICLE 4 TREATMENT OF CLAIMS AND EQUITY INTERESTS ......................... 4

4.1    Class 1 - Allowed Priority Tax Claims: .............................................................. 4

4.2    Class 2 - Allowed Priority Non-Tax Claims: ...................................................... 5

4.3    Class 3 - Allowed Secured Property Tax Claims: .............................................. 5

4.4    Class 4 – Allowed Secured Claims: .................................................................... 6

4.5    Class 5 – Allowed General Unsecured Claims: .................................................. 6

4.6    Class 6 – Equity Interests in Debtor: .................................................................. 7

ARTICLE 5 IMPLEMENTATION ................................................................................... 7

5.1    Summary of Implementation of the Plan: ........................................................... 7

5.2    The Trustee's Obligations Under the Plan: ......................................................... 8

5.3    Exemption from Transfer Taxes: ......................................................................... 8

5.4    Claims Objections: ............................................................................................... 8

5.5    Contingent Claims: .............................................................................................. 8

5.6     Distributions on Allowance or Disallowance of Disputed Claims: ................................ 8

5.7     Undeliverable/Returned Distributions: ......................................................... 9

5.8     Establishment of a Disputed Claims Reserve: ............................................... 9

5.9     Additional Charges: ................................................................................... 10

5.10   Treatment of Executory Contracts and Unexpired Leases: ......................... 10

5.11   The Effective Date of the Plan: .................................................................. 10

ARTICLE 6 CAUSES OF ACTION ................................................................................ 10

6.1     Pending Claims and Causes of Action: ....................................................... 10

ARTICLE 7 KEY TRUST AGREEMENT PROVISIONS .............................................. 12

ARTICLE 8 DELIVERY OF DISTRIBUTIONS ........................................................... 18

8.1     Record Date ............................................................................................... 18

8.2     Prepayments .............................................................................................. 19

8.3     Transactions on Business Days ................................................................... 19

ARTICLE 9 CONDITIONS PRECEDENT TO EFFECTIVENESS OF THIS PLAN .............. 19

ARTICLE 10 CONSUMMATION OF THE PLAN ......................................................... 19

10.1   Retention of Jurisdiction ........................................................................... 19

10.2   Modification of Plan ................................................................................. 20

10.3   Deemed Acceptance to Modifications ........................................................ 21

10.4   Revocation of Plan .................................................................................... 21

10.5   Discharge of Claims .................................................................................. 21

10.6   Exculpation Of Liability ............................................................................ 21

ARTICLE 11 MISCELLANEOUS ................................................................................ 21

11.1   Headings ................................................................................................... 21

11.2   Due Authorization by Creditors ................................................................. 21

11.3   Courts of Competent Jurisdiction .............................................................. 21

11.4   Governing Law ......................................................................................... 22

11.5   Privileged Communications; Work Product ................................................ 22

ARTICLE 12 MATERIAL DEFAULT PROVISIONS ................................................... 22

12.1   Material Default Provisions: ...................................................................... 22

Exhibit A – Trust Agreement

360 Mortgage Group, LLC ("360 Mortgage") proposes the following Original Chapter 11 Plan of Liquidation Dated October 15, 2019 (the "Plan"). Reference is hereby made to the Disclosure Statement which discusses the history of the Debtor, its business, management, assets, and liabilities. The Disclosure Statement also provides a summary of this Plan of Reorganization.

**YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING HOW THIS PLAN OF REORGANIZATION WILL AFFECT YOUR CLAIM(S) AND/OR INTERESTS.**

## SUMMARY OF THE PLAN

The Plan contemplates a distribution of proceeds from the liquidation of all assets of the Debtor to the Debtor's creditors. To the extent that all creditors are paid in full with applicable interest, any remaining proceeds of the liquidation of assets will be distributed to the Debtor's equity holders pursuant to the Debtor's operating agreement. The Plan provides for the creation of a Trust (defined below) to pursue all claims and causes of action owned by the Debtor and to distribute the proceeds thereof to the creditors. The Trust shall litigate (and continue any litigation commenced by the Debtor all Causes of Action, including Avoidance Actions, for the benefit of the Debtor's creditors, and shall make distributions to such creditors based upon the net settlement proceeds or net litigation proceeds, if any, of any Causes of Action, including Chapter 5 Avoidance Actions.

# ARTICLE 1
## TREATMENT OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS

**1.1** **Administrative Claims**:  Each holder of an Allowed Administrative Claim (including allowed claims under Bankruptcy Code § 503(b)(9)) shall receive from the Debtor either: (i) the amount of such Allowed Administrative Claim in one Cash payment on Effective Date or (ii) such other treatment as may be agreed upon in writing by the Debtor and the holder of the Allowed Administrative Claim.  An Allowed Administrative Claim representing a liability incurred in the ordinary course of business of the Debtor shall be paid by the Debtor upon presentment or otherwise in accordance with the terms of the particular transaction and any agreements relating thereto.

**1.2** **United States Trustee Fees**:  The Debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. §1930(a)(6).  Any fees due as of the date of confirmation of the plan will be paid in full on the Effective Date of the plan.  After confirmation, United States Trustee quarterly fees shall be paid as they accrue until this case is closed by the Court.  The Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) that the case remains open post-confirmation in a format prescribed by the United States Trustee.

**1.3** **Administrative Bar Date**:  This Plan constitutes a motion to fix and establish an administrative bar date of thirty (30) days following the Effective Date.  Upon entry of the Confirmation Order, the Debtor shall provide notice of such Administrative Claim Bar Date to every Person that may assert an Administrative Claim against the Debtor.  All other requests for payment of Administrative Claims shall be filed by the earlier of thirty (30) days after the Effective Date, or by a date set by the Bankruptcy Court.

**1.4** **Administrative Claim Reserve**:  On the Effective Date, the Trustee will fund the Administrative Claim Reserve in an amount sufficient to pay all Allowed Administrative Claims in full as shown on the Debtor's books and records (other than those Administrative Claims to be paid in the ordinary course of business of the Trustee).  The funds in the Administrative Claim Reserve shall be released and paid over to those holders of Allowed Administrative Claims.  Any funds remaining in the Administrative Claim Reserve following payment of All Allowed Administrative Claims shall be released to the Trustee for further distribution in accordance with the Plan.

**1.5** **Claims of Professionals**:  Any Claims of Professionals approved by the Court, and not previously paid pursuant to any orders approving such payments, shall be paid in Cash in such amounts as are Allowed by Final Order of the Court:  (i) within seven (7) days following the date such Claim of a Professional becomes an Allowed Administrative Claim or (ii) upon such other terms as may be mutually agreed upon between the holder of a Claim for Professional Fees and the Trustee.

**1.6** **Claims of Professionals Bar Date**: This Plan constitutes a motion to fix and establish a bar date of thirty (30) days after the Effective Date for the filing of final applications for allowances of compensation for services rendered and reimbursement of expenses incurred through the Confirmation Date ("Professionals Bar Date").  All Professionals seeking

compensation for unpaid services rendered or reimbursement of expenses incurred through and including the Confirmation Date shall file their respective applications no later than thirty (30) days after the Effective Date. Upon entry of the Confirmation Order, the Debtor shall provide notice of such Professionals Bar Date to every Person that may assert a Claim for Professional fees against the Debtor.

**1.7** **Claims of Professionals Objection Deadline**: This Plan constitutes a motion to fix and establish a deadline to object to timely filed Claims of Professionals, such deadline being thirty (30) days following the Professionals Bar Date.

**1.8** **Professionals Account**: On the Effective Date, the Trustee will fund the Professionals Account in an amount sufficient to pay all Allowed Claims of Professionals in full as shown in the Debtor's books and records.

### ARTICLE 2
### DIVISION OF CREDITORS AND INTEREST HOLDERS INTO CLASSES

**2.1** **Classification**: As provided in Section 1123(a) of the Bankruptcy Code, Administrative Claims shall not be classified for purposes of voting under the Plan. The Claims against, and Interests in, the Debtor are classified as set forth in this Article. A Claim or Interest is in a particular Class only to the extent that such Claim or Interest fits within the description of such Class and is in such other and different Class or Classes to the extent that the remainder of such Claim or Interest fits within the description of such other Class or Classes. Any dispute with respect to classification of Claims or Interests or impairment shall be resolved by the Court upon motion or objection of the holder of such Claim or Interest affected thereby, with notice to the Debtor. This Plan shall only provide distributions to Allowed Claims; except as expressly provided herein, nothing within this Plan shall allow any Claim or Interest. The Claims and Interests are classified as follows:

    A.    **Class 1: ALLOWED PRIORITY TAX CLAIMS**
    B.    **Class 2: ALLOWED PRIORITY NON-TAX CLAIMS**
    C.    **Class 3: ALLOWED SECURED PROPERTY TAX CLAIMS**
    D.    **Class 4: ALLOWED SECURED CLAIMS**
    E.    **Class 5: ALLOWED GENERAL UNSECURED CLAIMS**
    F.    **Class 6: ALLOWED LITIGATION CLAIMS**
    G.    **Class 7: EQUITY INTERESTS IN DEBTOR**

**2.2** **Impaired Classes of Claims or Interests**: Claims in Classes 3 through 7 are impaired under the Plan, and, therefore, shall be entitled to vote to accept or reject this Plan.

**2.3** **Impairment Controversies**: If a controversy arises as to whether any Claim or Interest or any Class of Claims or Interests is impaired under the Plan, the Court shall, upon notice and a hearing, determine such controversy.

# ARTICLE 3
## ACCEPTANCE OR REJECTION OF THIS PLAN

**3.1** <u>**Voting of Claims**</u>:  Except as provided in this Article, holders of Claims or Interests in an impaired Class shall be entitled to vote to accept or reject this Plan as provided for in the order entered by the Bankruptcy Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject this Plan.

**3.2** <u>**Acceptance by a Class of Creditors or Interest Holders**</u>:  Consistent with Section 1126(c) of the Bankruptcy Code and except as provided for in Section 1126(e) of the Bankruptcy Code, a Class of Creditors or Interest Holders shall have accepted this Plan if it is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of Allowed Claims or Interests of such Class that have timely and properly voted to accept or reject this Plan.

**3.3** <u>**Cramdown**</u>:  If any Class of Claims or Interest Holders shall fail to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code, the Bankruptcy Court may still confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.  The Plan Proponents will seek confirmation of the Plan pursuant to Section 1129(b) with respect to any non-accepting Class of Claims or Interest Holders.

# ARTICLE 4
## TREATMENT OF CLAIMS AND EQUITY INTERESTS

**4.1** <u>**Class 1 - Allowed Priority Tax Claims**</u>:

This Class shall consist of the Claims of unsecured priority tax creditors, and the provisions of this section govern the repayment of the indebtedness owing to the unsecured priority tax creditors, notwithstanding anything else in this Plan to the contrary.  The Debtor is unaware of any Claims in this Class.  The Allowed Priority Tax Claims are not classified for purposes of voting and will not be entitled to vote on the Plan.

<u>Treatment</u>:  To the extent that such Claims exist, the Allowed Priority Tax Claims will be paid with the proceeds of the sale of the Debtor's business.  Proceeds will be distributed on the Effective Date pursuant to priorities in 11 U.S.C. § 726.  To the extent that proceeds from the liquidation of the Debtor's remaining assets are received by the Trust, such proceeds will be distributed to the holders of the Allowed Priority Tax Claims within thirty (30) days of receipt of such proceeds by the Trust pursuant to priorities in 11 U.S.C. § 726, until such time as the Allowed Priority Tax Claims are paid in full.

<u>Remedies upon default</u>:  Upon any final and non-curable default by the Trustee, the holder of Allowed Priority Tax Claims may accelerate its allowed pre- and post-petition claims and declare the outstanding amounts of such claims to be immediately due and owing.  The holder of Allowed Priority Tax Claims may pursue any and all available state and federal rights and remedies as provided by law without further order of this Court.

**4.2     Class 2 - Allowed Priority Non-Tax Claims**:

This Class shall consist of Allowed Priority Non-Tax Claims arising under Section 507(a)(4), (5) or (7) of the Bankruptcy Code. The Debtor is unaware of any Claims under this Class. The Allowed Priority Non-Tax Claims are not classified for purposes of voting and will not be entitled to vote on the Plan.

Treatment: To the extent that such Claims exist, each holder of an Allowed Priority Non-Tax Claim shall be paid with the proceeds of the sale of the Debtor's assets. Proceeds will be distributed on the Effective Date pursuant to priorities in 11 U.S.C. § 726. To the extent that proceeds from the liquidation of the Debtor's remaining assets are received by the Trust, such proceeds will be distributed to the holders of the Allowed Priority Non-Tax Claims within thirty (30) days of receipt of such proceeds by the Trustee pursuant to priorities in 11 U.S.C. § 726, until such time as the Allowed Priority Non-Tax Claims are paid in full.

Remedies upon default: Upon any final and non-curable default by the Trustee, the holder of Allowed Priority Non-Tax Claims may accelerate its allowed pre- and post-petition claims and declare the outstanding amounts of such claims to be immediately due and owing. The holder of Allowed Priority Non-Tax Claims may pursue any and all available state and federal rights and remedies as provided by law without further order of this Court.

**4.3     Class 3 - Allowed Secured Property Tax Claims**:

This Class shall consist of Allowed Secured Property Tax Claims owed to Travis County. This claim is secured pursuant to Chapter 32 of the Texas Tax Code.

Treatment: The allowed secured claim of Travis County will be paid in full within thirty (30) days of the Effective Date of the Plan, together with interest accruing at the rate required by 11 U.S.C. § 511. The Debtor shall pay the Allowed Secured Property Tax Claims from the proceeds of the liquidation of the Debtor's assets.

Impairment & Voting: Class 3 is impaired. Acceptance of this Plan from holders of Class 3 Claims will be solicited.

Additional Terms: All payments to Travis County in respect of its allowed secured claim shall be entitled to interest as required by sections 506(b), 1129, and 511 of the Bankruptcy Code, until paid in full. Any liens securing the allowed secured claim of Travis County shall retain the same force and effect they have now until such allowed secured claim is paid in full and shall retain the priority they otherwise hold under state law in relationship to any liens. To the extent any taxes due to Travis County are not timely paid as provided herein, Travis County shall be at liberty to pursue their state court remedies without further recourse to the Bankruptcy Court.

Notwithstanding anything to the contrary stated in the Plan, the allowed secured claim of Travis County shall retain its liens in the proceeds of the sale of their collateral until paid in full. Such claims shall include any penalties or interest assessed prior to the petition date. Such claims shall also receive interest as provided under Bankruptcy Code § 506(b) from the Petition Date until the Effective Date, and from the Effective Date until paid in full, both at the statutory

rate provided under Texas law, (1% per month, 12% per annum) as required by Bankruptcy Code § 511.

**4.4     Class 4 – Allowed Secured Claims:**

This Class shall consist of Allowed Secured Claims of the Debtor. An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a Secured Claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an Unsecured Claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Allowed Secured Claims will be impaired under the Plan.  The Debtor is unaware of any claims in this Class.

Treatment:  To the extent that a Secured Claim is finally allowed and to the extent that a Secured Claim has not been previously paid in full, the Debtor will pay the holder of an Allowed Secured Claim an amount equal to the allowed amount of the Secured Claim, which will be equal to the value, as of the Effective Date, of at least the value of such holder's interest in the Debtor's interest in such property.  To the extent that the Debtor sells, subject to section 363(k) of this title, any property that is subject to the lien securing a Secured Claim, free and clear of such lien, such lien will attach to the proceeds of such sale.

Impairment & Voting:  Class 4 is impaired.  Acceptance of this Plan from holders of Class 4 claims will be solicited.

**4.5     Class 5 – Allowed General Unsecured Claims:**

This Class shall consist of all allowed general unsecured prepetition Claims that are not Litigation Claims.

Treatment:  Claims in Class 5 will be paid on a pro-rata basis from the funds generated from the proceeds from the liquidation and sale of the Debtor's assets, after payment of Allowed Claims in Classes 1 through 4.  After the Effective Date of the Plan, the Trust will continue to liquidate the assets of the Debtor.  Upon liquidation of all such assets, the Trust will make a distribution to Claims in Class 5.  The Trust, may, in its discretion, make interim distributions to Claims in Class 5.  Claims in Class 5 will accrue interest from the Effective Date until payment in full at the annual rate of Six Percent (6%).

Impairment & Voting:  Class 5 is impaired.  Acceptance of this Plan from holders of Class 5 claims will be solicited.

**4.6     Class 6 – Allowed Litigation Claims:**

This Class shall consist of all allowed general unsecured prepetition Claims that are subject of litigation with the Debtor as of the Petition Date or subject to litigation commenced during the Case or instigated by the Plan Trustee.

<u>Treatment</u>: Claims in Class 6 will be paid on a pro-rata basis from the funds generated from the proceeds from the liquidation and sale of the Debtor's assets, after the conclusion of the litigation made the subject of the Claim and after payment of Allowed Claims in Classes 1 through 5. After the Effective Date of the Plan, the Trust will continue to liquidate the assets of the Debtor. Upon liquidation of all such assets, the Trust will make a distribution to Claims in Class 6. The Trust, may, in its discretion, make interim distributions to Claims in Class 6. Claims in Class 6 will accrue interest from the Effective Date until payment in full at the annual rate of Six Percent (6%).

<u>Impairment & Voting</u>: Class 6 is impaired. Acceptance of this Plan from holders of Class 6 claims will be solicited.

**4.7**    **<u>Class 7 – Equity Interests in Debtor</u>**:

This Class shall consist of all equity interests in the Debtor.

<u>Treatment</u>: The equity interests in Class 7 will be transferred by the equity holders to the Plan Trust on the Effective Date of the Plan. The Plan Trustee will hold the equity interests until such time as all Allowed Claims under the Plan are paid in full with applicable interest. Upon such payment in full to all Allowed Claims, the Plan Trustee will distribute the equity interests to the equity holders of the Debtor in the same ownership percentages that existed on the Effective Date.

<u>Impairment & Voting</u>: Class 7 is impaired. Acceptance of this Plan from holders of Class 7 claims will be solicited.

**ARTICLE 5**
**IMPLEMENTATION**

**5.1**    **<u>Summary of Implementation of the Plan</u>**:

The Plan contemplates the continued liquidation and sale of the Debtor's assets. The sale proceeds along with the proceeds from the liquidation of the Debtor's remaining assets will be distributed pursuant to the terms of the Plan.

Upon confirmation and by operation of the confirmed Plan, the 360 Mortgage Group, LLC Trust (the "<u>Trust</u>") will be created and _____[1] will become a post-confirmation trustee over the Trustee ("<u>Trustee</u>"). The Trustee, serving as a post-confirmation trustee, will have all of the powers and duties set out in Bankruptcy Code § 1106 and will be fully authorized to operate the Trustee to the same extent and capacity as the Debtor is currently doing under Bankruptcy Code § 1108. The Trustee, as post-confirmation trustee, will be specifically authorized to execute and all documents and enter into all transactions necessary to effectuate the provisions of the confirmed Plan. Until such time as the Debtor's bankruptcy case is dismissed or closed, the Trustee will continue to have the managerial authority necessary to implement the terms of the Plan and any orders of the Court.

---

[1] Trustee to be appointed after disclosure statement hearing.

## 5.2     The Trustee's Obligations Under the Plan:

There will be no post-confirmation operations of the Debtor other than those operations necessary to fully liquidate any remaining assets.

## 5.3     Exemption from Transfer Taxes:

Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under the Plan or the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan, including without express or implied limitation, any transfers to or by the Trustee shall not be subject to any transfer, sales, stamp or other similar tax.

## 5.4     Claims Objections:

Except as otherwise provided in this Plan in connection with Administrative Claims and Claims of Professionals, objections to Claims must be filed with the Court and served in accordance with the Bankruptcy Rules by the later of (i) ninety (90) days following the Effective Date or (ii) thirty (30) days following the date such proof of Claim was timely filed; otherwise, such Claims shall be deemed Allowed in accordance with Section 502 of the Bankruptcy Code, unless an extension of such time period is sought by the Trustee.

## 5.5     Contingent Claims:

Until a Contingent Claim becomes an Allowed Claim or is Disallowed, the Claim will be treated as a Disputed Claim for all purposes under the Plan.  The holder of a Contingent Claim will be entitled to a distribution under this Plan only when the Contingent Claim becomes an Allowed Claim.  Any Contingent Claim for reimbursement or contribution held by a Person that may be liable with the Debtor on a Claim of a Creditor is Disallowed as of the Effective Date if: (a) that Creditor's Claim is Disallowed; (b) the Claim for reimbursement or contribution is contingent as of the Effective Date; or (e) that Person asserts a right of subrogation to the rights of the Creditor under Section 509 of the Bankruptcy Code.

## 5.6     Distributions on Allowance or Disallowance of Disputed Claims:

No distributions will be made to any holder of a Claim unless and until the Claim becomes an Allowed Claim.  If a Claim is not an Allowed Claim as of the Effective Date, distributions on account of that Claim will commence only when the Claim becomes an Allowed Claim.  If a Disputed Claim becomes an Allowed Claim, the Trustee will make a distribution in accordance with the terms of this Plan applicable to Claims of the Class in which that Claim is placed.

## 5.7     Distributions After Payment In Full Of Classes 1 Through 6:

Upon payment in full of all Claims in Classes 1 through 6, with interest from the Effective Date, the Plan Trustee will make a final distribution to Classes 1 through 6 of interest calculated from the Petition Date through the Effective Date at the annual rate of Six Percent

(6%).  No distribution of equity interests to Class 7 equity holders will be made until such time as the distribution contemplated by this section is made to Classes 1 through 6.

**5.8**     **Undeliverable/Returned Distributions**:

Any distribution to be made to a Creditor will be sent to that Creditor at the address set forth on the proof of claim filed for such Creditor, or if no proof of claim is filed, at the address set forth on the Debtor's Schedules.  In the event that a distribution as herein provided is returned as undeliverable, or a distribution is returned on account of there being no payment due to the affected Creditor, the Trustee shall hold such distribution for the affected Creditor for a period of sixty (60) days following the Date of that distribution for the benefit of the Creditor.  If the affected Creditor does not make a demand, in writing, for such unclaimed distribution within the sixty-day period, the Creditor shall forfeit all entitlement to the distribution, and the distribution shall revert to the Trustee for distribution to the other remaining Creditors.

All uncashed Distributions shall be handled in accordance with this Article, unless provided otherwise by applicable law.  Checks issued by the Debtor in respect of any Allowed Claim shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  The holder of the Allowed Claim to whom such check originally was issued shall make a request for re-issuance of any check to the Trustee.  Any claim with respect of such a voided check shall be made on or before thirty (30) days after the expiration of the ninety (90) day period following the date of issuance of such check; provided, however, checks issued for the final Distribution that become null and void in accordance with the provisions contained herein shall not be re-issued and the holders of such Claims shall waive any right to the re-issuance of such checks.  After such date, all funds held on account of such voided check shall be remitted to the Trustee; the holder of any such Claim shall not be entitled to any other or further Distribution under this Plan on account of such Claim and such Claim shall be deemed disallowed for purposes of any such Distribution.

**5.9**     **Establishment of a Disputed Claims Reserve**:

On the occasion of each payment required under the Plan, the Trustee, shall deposit Cash in a segregated, interest bearing account in such amount necessary to pay all Disputed Claims in accordance with the terms of this Plan if such Claims were to become Allowed Claims.  This account shall be called the Disputed Claim Reserve.  The Trustee shall hold the Disputed Claim Reserve in trust for the benefit of the holders of Allowed Claims whose Distributions are unclaimed and the holders of Disputed Claims pending determination of their entitlement thereto under the terms of the Plan.  When a Disputed Claim becomes an Allowed Claim, the Trustee shall release and deliver the Distributions reserved for such Allowed Claims (net of distribution costs) from the Disputed Claim Reserve.  To the extent of any funds exist in the Disputed Claim Reserve after resolution of all Disputed Claims and distribution to all Allowed Claims, such funds shall be released to the Trustee for distribution to the other remaining Creditors.

**5.10    Additional Charges**:

Except as may be expressly provided in the Plan or allowed by the Bankruptcy Court, no interest, penalty, attorney's fee, or late charge shall be allowed or paid with respect to any Claim.

**5.11    Treatment of Executory Contracts and Unexpired Leases**:

Assumption or Rejection of Executory Contracts and Unexpired Leases.  The provisions set forth herein apply to all executory contracts of the Debtor.  All Executory Contracts or unexpired leases that have not been previously assumed or rejected by the Debtor shall be deemed rejected by the Debtor under Sections 365(a) and 1123 of the Bankruptcy Code.  Entry of the Confirmation Order shall constitute approval of such rejection of these Executory Contracts or unexpired leases.

Bar Date for Rejection Damages.  If the rejection of an Executory Contract or unexpired lease gives rise to a Claim by the other party or parties to such contract or lease, such Claim, to the extent that it is timely Filed and is an Allowed Claim, shall be classified in Class 5 as a General Unsecured Claim; provided, however, that the Unsecured Claim arising from rejection shall be forever barred and shall not be enforceable against a Debtor, Trustee, their successors or properties, unless a proof of Claim is Filed and served on the Debtor and Trustee within thirty (30) days after the Effective Date.

**5.12    The Effective Date of the Plan**:

The "Effective Date" shall be the twenty-first (21st) day after the entry of an order confirming the Plan; provided, however, that the Confirmation Order is a Final Order; and further provided, however, that the all regulatory actions required by the Debtor in ceasing business activities under applicable law in the respective state jurisdictions have been completed and any other conditions precedent set forth in the Plan have been duly satisfied.  The Debtor will provide notice of the Effective Date to all creditors and parties-in-interest.

## ARTICLE 6
## CAUSES OF ACTION

**6.1    Pending Claims and Causes of Action**:

**THE FOLLOWING DISCUSSION IS NOT INTENDED TO BE EXHAUSTIVE AND SHALL NOT LIMIT OR MODIFY ANY CLAIMS OR CAUSES OF ACTION OF THE ESTATE, INCLUDING AVOIDANCE ACTIONS.  ALL CLAIMS OF THE BANKRUPTCY ESTATE ARE BEING PRESERVED AND TRANSFERRED TO THE TRUSTEE UNDER THE PLAN.  ADDITIONALLY, THE PLAN DOES NOT AND IS NOT INTENDED TO RELEASE ANY CAUSES OF ACTION.**

Any and all Causes of Action that the Debtor may have, including, but not limited to, Avoidance Actions, which may be enforceable under any statute, shall be preserved and shall constitute Property of the Estate to be conveyed to the Trustee on the Effective Date of the Plan.

In addition, any and all Causes of Action owned or asserted by the Debtor in pending or forthcoming litigation, including but not limited to the following cases, shall be preserved and shall constitute Property of the Estate to be conveyed to the Trustee on the Effective Date of the Plan: (i) *360 Mortgage Group, LLC v. Fortress Investment Group LLC*, Case No. 1:19-cv-08760-LGS, filed in the United States District Court for the Southern District of New York; (ii) *New Penn Financial, LLC v. 360 Mortgage Group, LLC*, Case No. 653668/2018 filed in the Supreme Court of the State of New York, County of New York; (iii) *360 Mortgage Group, LLC v. Equity Prime Mortgage, LLC f/k/a Equity Loans, LLC*, Case No. D-1-GN-19-006748, filed in the 345th Judicial District Court of Travis County, Texas; and (iv) *360 Mortgage Group, LLC v. First Mariner Bank*, Case No. D-1-GN-15-001887, filed in the 419th Judicial District Court of Travis County, Texas. After the Effective Date, the Trustee, in its sole discretion, shall evaluate the potential Causes of Action including, but not limited to, Avoidance Actions and determine whether to pursue any such Causes of Action for the benefit of the holders of Allowed General Unsecured Claims. The Trustee may prosecute, compromise, or otherwise resolve any and all Causes of Action, including Avoidance Actions, that the Trustee determines should be pursued. The Trustee shall retain counsel on an appropriate basis to prosecute any Causes of Action, including Avoidance Actions. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action including Avoidance Actions and approve any settlement thereof. The Net Proceeds of the Causes of Action, including the Avoidance Actions, shall be distributed, first, in payment of the litigation fees and expenses of the Trustee, and, second, for distribution pro rata to the holders of Allowed General Unsecured Claims.

The Debtor's Statement of Financial Affairs identifies the parties who received payments and transfers from the Debtor, which payments and transfers may be avoidable under the Bankruptcy Code. In particular, the Statement of Financial Affairs identifies those parties that received transfers from the Debtor during the ninety (90) days preceding the Filing Date, which transfers may be avoidable under Chapter 5 of the Bankruptcy Code. The Debtor may have Causes of Action, including Avoidance Actions, against those entities listed in the Statement of Financial Affairs. The Trustee may prosecute, compromise, or otherwise resolve any and all Causes of Action, including Avoidance Actions, against the above-listed creditors.

ADDITIONALLY, YOU MAY BE SUED IF:

1. You were or are a creditor and you received a payment on a prior debt within ninety (90) days before the Petition Date;

2. You were an insider of the Debtor and you received a payment on a prior debt within one (1) year before the Petition Date;

3. You received any payments or property from the Debtor for goods or services you did not deliver or provide before the Petition Date;

4. You received any payments of property from the Debtor without providing reasonably equivalent value;

5.      You received pre-payments, advances, or deposits from the Debtor which you did not earn;

6.      You were involved in pending litigation with the Debtor at the time of the Petition Date or have been sued thereafter;

7.      You owe the Debtor any money under a contract or as a result of your breach of contract with the Debtor;

8.      Potential claims against you or any of your affiliates are described or referred to in this Disclosure Statement;

9.      The Debtor has any claims against you under state or federal law, whether in contract or in tort, whether known or unknown;

10.     You were an officer, director, manager or controlling person or entity of the Debtor at any time;

11.     You contracted with the Debtor for goods or services in an illegal or unlawful contract; or

12.     You were a prepetition professional of the Debtor contracted to provide legal, financial, accounting, or regulatory advice to the Debtor.

After the Effective Date, the Trustee shall prosecute, compromise, or otherwise resolve any and all Causes of Action, including Avoidance Actions, that the Trustee determines should be pursued.  The Trustee shall retain counsel on an appropriate basis to prosecute any Causes of Action including the Avoidance Actions.  The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action including Avoidance Actions and approve any settlement thereof.  The net proceeds of the Causes of Action, including Avoidance Actions, shall be distributed, first, in payment of the litigation fees and expenses of the Trustee, and, second, for distribution to the holders of unpaid Allowed Claims pursuant to the terms of the Plan.

## ARTICLE 7
## KEY TRUST AGREEMENT PROVISIONS

7.1     On or before the date of the Plan Confirmation Hearing, the Debtor will execute the requisite documents to establish the Trust.  The 360 Mortgage Group, LLC Plan Trust Agreement and Declaration of Trust (the "Trust Agreement") is attached hereto and fully incorporated herein as **Exhibit A**.  The Trustee will assume responsibilities, and the Trust will commence operations, on the effective date of said Trust Agreement as set forth therein.  The terms of the Trust Agreement will control the operation of the Trust.  Those terms, as approved by the Bankruptcy Court, are fully incorporated herein.  The Trust Agreement shall be executed by all necessary parties.  On the Effective Date, the Trust will be established for the purposes set forth in the Trust Agreement.  The Trustee shall have no objective of engaging in

any trade or business except to the extent reasonably necessary to achieve the Trust's liquidating purpose.

7.2     The Plan provides for the creation of a trust which will (i) receive from the Debtor the Assets transferred pursuant to the Plan, (ii) hold the Trust Assets in trust for the benefit of all Beneficiaries and (iii) oversee and direct the liquidation of the Trust Assets held by it for the benefit of the Beneficiaries pursuant to the terms of this Plan and the Trust Agreement. The Trust Agreement will be executed to establish the Trust and to facilitate implementation of the Plan.

7.3     The primary purpose of the Trust is to, in accordance with the dictates of the Plan and Confirmation Order, (i) oversee and direct the preservation and, if required, the liquidation and distribution of the Trust Assets for the benefit of the Beneficiaries in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) distribute any proceeds of the Trust Assets received by the Trust to the Beneficiaries if and when required by the Plan and the Confirmation Order. The Trust will not be operated with the objective of continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the value of the Trust Assets, and consistent with the purpose of the Trust.

7.4     This Trust is intended to qualify as a "grantor trust" for federal income tax purposes and the Trustee shall operate and maintain the Trust in compliance with the guidelines for liquidating trusts as set forth in Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Section 1.671-4(a) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service.

7.5     "Beneficiaries" in the Trust means the holders of Claims that are Allowed Claims and their permitted transferees as defined in the Plan and as the same shall appear in the records of the Trustee, from time to time; provided, however, that upon the payment in full in accordance with the Plan and the Confirmation Order of the holder of an Allowed Claim, such holder shall cease to be a Beneficiary of the Trust.

7.6     "Distribution Date" in the Trust means the last Business Day of each calendar quarter; provided, however, that a Distribution Date will not be deemed to occur on any day on which there is less than in Net Distributable Cash except on the Final Distribution Date; provided, further, that the Trustee may in its sole discretion make distributions in addition to, or in lieu of, distributions to be made on each Distribution Date. For each individual Beneficiary, the Distribution Date will be the later of forty-five (45) days after the Beneficiary's claim against the Bankruptcy Estate becomes final and non-appealable under applicable law or such date that the Trustee, in its sole discretion, determines that adequate funds exist to make such distribution to the Beneficiary.

7.7     "Trust Assets" in the Trust means (i) the assets listed in the Debtor's Schedules and Statement of Financial Affairs that are not fully liquidated as of the Effective Date, (ii) the Assets from time to time transferred to the Trust, (iii) such additional or different corpus as the Trustee may from time to time hold in trust or receive on behalf of the Beneficiaries of the Trust, (iv) the Litigation Claims, (v) the Avoidance Actions and (vi) all proceeds of the foregoing (including, without limitation, "proceeds" as defined in the Uniform Commercial Code.

7.8     For good and valuable consideration, and pursuant to the terms of this Plan, the Transferors and the Debtor will execute the Trust Agreement and, subject to the provisions of Section 2.06 of the Trust Agreement, irrevocably transfer, absolutely assign, bargain, sell, convey, set over, and deliver to the Trustee, and its successors and assigns, all of their right, title and interest in and to the Assets transferred pursuant to the Plan in trust to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan, except as may otherwise be specifically provided by the Plan. Effective as of the date hereof, the Trustee shall have all the rights, powers and duties set forth herein and pursuant to applicable law for accomplishing the purposes of the Trust.  The Trustee is hereby authorized to file with the Secretary of State of the State of Texas any documents necessary to establish the Trust.

7.9     Only for United States federal and applicable state income tax purposes, the transfer of the Assets to the Trust pursuant to and in accordance with the Plan shall be reported as a disposition of the Assets directly to and for the benefit of the Beneficiaries immediately followed by a contribution of the Assets by the Beneficiaries to the Trust for the benefit of the Beneficiaries. The Beneficiaries will be treated as the grantors and owners of the Trust.

7.10    Except as otherwise provided by this Plan or the Trust Agreement, upon the Effective Date of the Plan, title to the Assets shall pass to the Trust free and clear of all Claims and Interests in accordance with Section 1141 of the Bankruptcy Code. The valuation of the Assets approved by the Bankruptcy Court as part of the confirmation process shall be consistently used by the Trustee and the Beneficiaries for all United States federal and applicable state income tax reporting purposes but shall not limit the Trustee in regard to pricing the Assets in conjunction with their sale.

7.11    The Trust is a liquidating trust pursuant to which the Plan Trustee is to (i) hold the Trust Assets and dispose of the same in accordance with the Trust Agreement and this Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the liquidation of the Trust Assets. Accordingly, the primary purpose of the Trust is to liquidate the Assets transferred to it pursuant to the Plan and Confirmation Order with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Trust Assets, and consistent with, the liquidating purpose of the Trust.

7.12    The Trustee shall oversee the liquidation of the Trust Assets in a cost-effective manner in a reasonable time as required by the Plan and Confirmation Order, with due regard for the risk that undue haste may minimize the liquidation proceeds of a particular Trust Asset. The Trustee shall make continuing efforts to dispose of the Trust Assets, make timely distributions and not unduly prolong the duration of the Trust In overseeing the selling of the Trust Assets, or otherwise monetizing them, the Trustee will use its best efforts to maximize the amount of the proceeds derived therefrom. The liquidation of the Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment, or dismissal of any or all claims, rights or causes of action, or otherwise subject to the terms of the Plan. Notwithstanding anything to the contrary contained herein, the Trust shall not be permitted to receive or retain cash or cash equivalents in excess of a reasonable amount to: (i) meet all distributions, Administrative Expenses, Claims and contingent liabilities; (ii) establish such reserves as

provided herein and in the Plan; or (iii) preserve or enhance the liquidation value of the Trust Assets during the term of the Trust.

7.13    The Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Trustee or Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures. The relationship of the Beneficiaries to the Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by the Trust Agreement.

7.14    Trustee will directly and indirectly be the representative of the Debtors' Estates as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code and will have the rights and powers provided for in the Bankruptcy Code, including Section 1107 thereof, in addition to any rights and powers granted in the Trust Agreement and in this Plan. The Trustee will be the successor-in-interest to the Debtor with respect to the Plan Obligations and Claim Litigation and any action which was or could have been commenced by the Debtor prior to the Effective Date and shall be deemed substituted for the same as the party in such litigation without the need for formal substitution as the party in such litigation. All actions, claims, rights of interests constituting Trust Assets, are preserved and retained and may be enforced by the Trustee as the representative of the Debtor's Estate pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code, the Plan, and the Confirmation Order. The Trustee will be a party-in-interest as to all matters over which the Bankruptcy Court has jurisdiction or retains jurisdiction under the Plan.

7.15    Each Beneficiary will be entitled to participate in the rights due to a Beneficiary hereunder. Each Beneficiary shall take and hold its uncertificated beneficial interest subject to all of the terms and provisions of the Trust Agreement and this Plan.  The interest of a Beneficiary of the Trust is in all respects personal property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's interest shall pass to the legal representative of such Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of the Trust Agreement. A Beneficiary shall have no title to, right to, possession of, management of, or control of, the Trust Assets except as herein expressly provided. No surviving spouse, heir or devisee of any deceased Beneficiary shall have any right of dower, homestead, or inheritance, or of partition, or any other right, statutory or otherwise, in the Trust Assets, but the whole title to all the Trust Assets shall be vested in the Trustee and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under the Trust Agreement.

7.16    The interest of a Beneficiary in the Trust shall be transferable as provided in the Plan, subject to any reasonable limitations that may be placed thereon by the Trustee.

7.17    Prior to any intended transfer, assignment, hypothecation, pledge, exchange, or conveyance of a beneficial interest in the Trust, the transferring Beneficiary shall submit to the Trustee such documents as are required by Bankruptcy Rule 3001(e) and file such documents with the Bankruptcy Court.

7.18    No Beneficiary shall have legal title to any part of the Trust Assets. No transfer by operation of law or otherwise, of the right, title, and interest of any Beneficiary in and to the Trust Assets or hereunder shall operate to terminate this Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Trust Assets.

7.19    The Trustee will initially be appointed in the Plan and Confirmation Order. The Trustee shall be subject to approval by the Bankruptcy Court as part of the Confirmation Hearing. The Trustee shall serve as trustee until his or her successor shall have been appointed in accordance with Section 4.02 of the Trust Agreement or until resignation, death, or removal.

7.20    Subject to any limitations contained in, or as otherwise provided by the Trust Agreement, the Texas Trust Code, or in the Plan and Confirmation Order, the Trustee shall have the powers, authorities and duties set for in the Texas Trust Code, as found in Chapters 111 through 117 of the Texas Property Code.

7.21    In accordance with Section 1123(b)(3)(B) of the Bankruptcy Code, this Plan, and the Trust Agreement, to engage in, intervene in, prosecute, join, defend, compound, settle, compromise, abandon or adjust, by arbitration or otherwise, any actions, suits, proceedings, disputes, claims, controversies, demands or other litigation relating to the Plan, the Trust, the Trust Assets or the Trust's affairs, to enter into agreements relating to the foregoing, whether or not any suit is commenced or claim accrued or asserted and, in advance of any controversy, to enter into agreements regarding arbitration, adjudication or settlement thereof, all in the name of the Trust if necessary or appropriate and institute or continue actions which were or otherwise could have been brought by the Debtor, and prosecute or defend all litigation or appeals on behalf of the Debtor and, when appropriate, settle such actions and claims; provided, however, that the Trustee shall obtain Bankruptcy Court approval prior to any settlement of the Litigation Claims.

7.22    In addition, the Trustee shall have the right to seek Bankruptcy Court approval of any action to be undertaken by the Trust, and the Trustee shall have the authority and power provided under Section 363 of the Bankruptcy Code, including, without limitation, the power to sell any Trust Asset free and clear of any Liens, pursuant to the provisions of the Plan and Confirmation Order.

7.23    The Trustee shall be compensated for services in the administration of the Trust under the terms and conditions approved by the Bankruptcy Court at the Confirmation Hearing and as specified in the Confirmation Order.  Any professionals or any Person retained by the Trustee pursuant to the Plan will be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such professional or Person on an hourly basis, at the standard billing rates in effect at the time of service or such other rate or basis of compensation that is reasonable. All reasonable out of pocket expenses incurred by the Trustee or any other professional or other Person retained by the Trustee pursuant to the Plan will be reimbursable as an expense of the Trust.  All entities paid pursuant to this Section shall first seek approval of such payment by the Bankruptcy Court.

7.24     Distributions by the Trustee will be made pursuant to the Plan and Confirmation Order.  Notwithstanding anything to the contrary contained herein, the Trustee shall make distributions pursuant to and in accordance with the Plan; provided, however, that the Trustee shall not be required to make *de minimis* distributions except upon the Final Distribution Date. Notwithstanding the foregoing, the Trustee shall, in accordance with the Plan and on each Distribution Date, distribute to the Beneficiaries the net income of the Trust and the net proceeds from the disposition of the Trust Assets in excess of such amounts reasonably necessary to preserve or enhance the liquidation value of the Trust Assets during the term of the Trust, to pay reasonable estimated administrative expenses and to meet all Claims or other contingent liabilities. The Trustee may withhold from amounts distributable to any Person any and all amounts, is determined in the Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, but not limited to, the "Foreign Investment in Real Property Tax Act"). Distributions shall be made to the Beneficiaries who hold such interests on the Record Date immediately preceding the Distribution Date, as required by the Plan and Confirmation Order.

7.25     If the Trustee shall determine that the remaining assets of the Trust may be conveniently distributed, or if the existence of the Trust shall terminate, the Trustee shall, as expeditiously as is consistent with the conservation and protection of the Trust Assets, distribute the Trust Assets to the Beneficiaries.  To the extent that any Trust Assets remain after the Final Distribution, the Trustee shall take all necessary steps to return such Trust Assets to the respective Transferor and execute all necessary documents to effectuate such a return, including all releases and other documents required by the Plan and Confirmation Order.

7.26     To the extent necessary under applicable law, and as soon as practicable after the end of each Fiscal Year, and as soon as practicable upon termination of the Trust, the Trustee shall submit to each Beneficiary appearing on its records as of the end of such Fiscal Year or such date of termination a separate statement for each Beneficiary setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct all such Beneficiaries to report such items on their United States federal and applicable state income tax returns. In addition, the Trustee shall deliver to each Beneficiary, an annual statement on Form K-1 with the information necessary for each Beneficiary to prepare their tax returns and will furnish a statement of account to a custodian which holds a Beneficiary's individual retirement account which evidences such Beneficiary's uncertificated beneficial interest in the Trust.

7.27     The Trustee shall file all tax returns and other filings with governmental authorities on behalf of the Trust and the Trust Assets it holds for time periods ending on or before termination of this Trust. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Trustee of a private letter ruling if the Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Trustee) the Trustee shall file tax returns for the Trust as a grantor trust pursuant to Treasury Regulations Section 1.671-4(a). The Trustee' filings shall also include requests for determination of tax under Section 505(b) of the Bankruptcy Code (to the extent applicable) and responses to any tax audits. The Trustee shall make available such information to the Beneficiaries as will enable them to properly file their separate tax returns and withhold and pay over any amounts required by tax law.

7.28    The Trustee shall not at any time, on behalf of the Trust or Beneficiaries, (i) enter into or engage in any trade or business, and no part of the Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Trust in furtherance of any trade or business, except to the extent reasonably necessary to preserve and enhance the liquidation value of the Trust Assets, or (ii) except as provided below, reinvest any assets.

7.29    All moneys and other assets received by the Trustee shall, until distributed or paid over as herein provided, be held in trust for the benefit of the Beneficiaries, but need not be segregated from other Trust Assets, unless and to the extent required by law or as otherwise specified in the Trust Agreement.

7.30    The Plan Trustee shall be restricted to the holding, collection, conservation, protection, and administration of the Trust Assets in accordance with the provisions of the Trust Agreement and this Plan, and the payment and distribution of amounts as set forth herein for the purposes set forth in the Trust Agreement. The scope of any permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust, within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements or otherwise. Any determination by the Trustee as to what actions are in the best interests of the Trust shall be determinative.

7.31    This Trust shall terminate on the later of (i) the date of entry by the Bankruptcy Court of the final decree which fully and finally closes the Chapter 11 Cases (the "Final Decree"); or (ii) the date upon which all of the Trust Assets have been distributed to the Beneficiaries and there are no remaining assets expected to be received in the Trust Assets, provided, however, that the Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date or such later date as the Bankruptcy Court so determines is appropriate. On or prior to such termination date, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Trust upon a finding by the Bankruptcy Court that the extension is necessary for the liquidating purposes of the Trust Extensions may be obtained so long as each extension is approved by the Bankruptcy Court six months prior to the expiration of the original term and each extended term. The Trust will survive the death of the Debtor and will have standing to assert any appropriate claims in the Debtor's probate estate.

## ARTICLE 8
## DELIVERY OF DISTRIBUTIONS

**8.1    Record Date**: The record date for purposes of this Plan will be the Effective Date (the "Record Date"). At the close of business on the Record Date, there shall be no further changes in the record holders of Claims. The Trustee shall have no obligation to recognize any transfer of any such Claims occurring after the Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Record Date.

**8.2** **Prepayments**:  So long as the Trustee remains current on all other Plan payments, the Trustee reserves the right to prepay or settle Allowed Claims except as otherwise provided in this Plan. To the extent that the Trustee believes that, in his best business judgment, sufficient funds exist in the Estate to warrant a distribution to creditors, the Trustee may make a distribution to creditors holding allowed claims pursuant to the above play payment provisions.

**8.3** **Transactions on Business Days**:  If the Effective Date or any other date on which a transaction may occur under this Plan shall occur on a day that is not a Business Day, the transactions contemplated by this Plan to occur on such day shall instead occur on the next succeeding Business Day.

## ARTICLE 9
## CONDITIONS PRECEDENT TO EFFECTIVENESS OF THIS PLAN

9.1     The effectiveness of this Plan is subject, in addition to the requirements provided in Section 1129 of the Bankruptcy Code, to satisfaction of the following conditions precedent:

a.     All actions, documents, and agreements necessary to implement the Plan shall have been effected or executed;

b.     The Debtor shall have received all authorizations, consents, regulatory approvals, rulings, letters, no-action letters, opinions, or documents that are determined by the Trustee to be necessary to implement the Plan; and

c.     Entry of a Confirmation Order that is a Final Order in form and substance acceptable to the Trustee.

## ARTICLE 10
## CONSUMMATION OF THE PLAN

**10.1**   **Retention of Jurisdiction**:  The Court shall retain and have exclusive jurisdiction over this Case for the purposes stated in items (1) through (13) below.  If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to this Case, this section shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

1.     To determine any and all objections and proceedings involving the allowance, estimation, classification, and subordination of Claims, including any counterclaim;

2.     To determine any and all applications for allowance of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

3.     To determine any applications pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases, or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and

to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

4. To determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Effective Date;

5. To consider any modifications of this Plan, remedy any defect or omission, or reconcile any inconsistency in any order of the Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

6. To determine all controversies, suits, disputes, and proceedings that may arise in connection with the interpretation, enforcement, Consummation, or performance of the Plan or any Person's obligations hereunder;

7. To determine all controversies, suits, disputes, and proceedings that may arise in connection with this Plan;

8. To hear and determine any Claim belonging to the Debtor, and to consider and act on the compromise and settlement of any other Claim against, or cause of action asserted by, the Debtor;

9. To recover all assets of the Debtor and property of the Debtor's Estate, wherever located;

10. To hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code (including any requests for expedited determinations under section 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Petition Date through, and including, the date that any final distribution is made);

11. To enter a Final Decree closing the Case;

12. To issue orders in aid of execution of this Plan to the extent authorized by section 1142 of the Bankruptcy Code; and

13. To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with this Plan or the Confirmation Order.

**10.2  Modification of Plan**:  Modifications of this Plan may be proposed in writing by the Plan Proponents at any time before Confirmation, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Plan Proponents shall have complied with section 1125 of the Bankruptcy Code.  The Plan may be modified at any time after Confirmation and before its substantial Consummation, provide that the Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the Court after notice and hearing, confirms the Plan, as modified, under Section 1129 of the Bankruptcy Code, and the circumstances warrant such modification.  At any time after the Confirmation Date, the Trustee, without the approval of the Court, may modify the Plan to

remedy any defect or omission, or reconcile any such inconsistencies in the Plan or in the Confirmation Order, as such matters may be necessary to carry out the purposes, intent, and effect of this Plan, provided that such modification does not materially or adversely affect the interest of Creditors.

**10.3** **Deemed Acceptance to Modifications**:  A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

**10.4** **Revocation of Plan**:  The Debtor reserves the right to revoke and withdraw this Plan before the entry of the Confirmation Order.  If the Debtor revokes or withdraws this Plan, or if confirmation of the Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person, or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

**10.5** **Discharge of Claims**:  In that the Plan provides for the liquidation of all or substantially all of the property of the Debtor, the Debtor will not receive a discharge under Bankruptcy Code § 1141.  However, all prepetition contractual relationships between the Debtor and its Creditors will be subject to the terms and conditions of the Plan, with any and all litigation, pending against the Debtor as of Effective Date, deemed resolved and restructured by the provisions of this Plan, and shall be dismissed with prejudice immediately after the Effective Date.

**10.6** **Exculpation Of Liability**:  To the extent that the Trustee and any Debtor's professionals obtain orders approving final fee applications, the Trustee and/or the Debtor's professionals will be released from liability for any acts taken during the Case to the extent allowed under controlling Fifth Circuit law.

**ARTICLE 11**
**MISCELLANEOUS**

**11.1** **Headings**:  Headings are utilized in this Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

**11.2** **Due Authorization by Creditors**:  Each and every Creditor who elects to participate in the distributions provided for herein warrants that he is authorized to accept the distributions provided for in this Plan in consideration of his Claim against the Debtor, and that there are no outstanding commitments, agreements, understandings, expressed or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by him under this Plan.

**11.3** **Courts of Competent Jurisdiction**:  If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**11.4    Governing Law**:  Except to the extent that the Bankruptcy Code or other federal law that may be applicable, provides otherwise, the rights, duties and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

**11.5    Privileged Communications; Work Product**:   For purpose of any proprietary, confidential, or privileged information or communication, including attorney-client privileged communications, and documents that would otherwise constitute attorney work product, the Trustee shall succeed to the interest of the Debtor.

## ARTICLE 12
## MATERIAL DEFAULT PROVISIONS

**12.1    Material Default Provisions**:

A failure to timely make a payment to a holder of an Allowed Claim pursuant to the terms of the Plan shall be an "Event of Default."  Following an Event of Default, each holder of an Allowed Claim shall have the right to enforce their rights under the Plan by sending a written "Notice of Default" to the Trustee at the following addresses:

To the Trustee:

_____

with a copy to:

Lynn Hamilton Butler
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1179 (direct)
(512) 479-1101 (fax)
lynn.butler@huschblackwell.com

12.2    Subject to the applicable provisions of the Plan, if the Event of Default is not cured within fourteen (14) days after service of a written Notice of Default, then a "Material Default" shall have occurred and the holder of an Allowed Claim having provided such Notice of Default may: (i) enforce the entire amount of its claim and (ii) seek such relief as may be appropriate in any court of competent jurisdiction.

Dated:  October 15, 2019

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1101 (fax)

By:  */s/ Lynn H. Butler*
    Lynn H. Butler
    Texas Bar No. 03527350
    lynn.butler@huschblackwell.com
    Buffey E. Klein
    Texas Bar No. 24032515
    buffey.klein@huschblackwell.com
    Jameson J. Watts
    Texas Bar No. 24079552
    jameson.watts@huschblackwell.com

**PROPOSED COUNSEL FOR THE DEBTOR**

**EXHIBIT A**

**TRUST AGREEMENT**

## 360 MORTGAGE GROUP, LLC PLAN TRUST AGREEMENT

This Plan Trust Agreement and Declaration of Trust (the "Trust Agreement") is entered into as of _____ __, 2019, by 360 Mortgage Group, LLC (the "Debtor" or "Transferor") and _____, as trustee (the "Plan Trustee") pursuant to the Chapter 11 Plan (the "Plan").

## <u>RECITALS</u>

A.    On October 7, 2019, 360 Mortgage Group, LLC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court").

B.    On ___, the Debtor filed its "Original Plan of Liquidation Dated _____, 2019" (hereinafter referred to together with any and all Bankruptcy Court approved amendments, as the "Plan"). The Bankruptcy Court entered its Order confirming the Plan (the "Confirmation Order") on _____ (docket #_____).  Copies of the Plan and the Confirmation Order are attached hereto as Exhibit "A" and "B" respectively, and are by this reference incorporated herein.

C.    Pursuant to the Confirmation Order, and in accordance with the Plan, the Transferor will transfer certain assets to the Trust.  The assets are listed on Schedule 1 attached hereto (the "Trust Assets").

D.    The Plan provides for the creation of a trust, which will (i) receive from the Transferor the Assets transferred pursuant to the Plan, (ii) hold the Trust Assets in trust for the benefit of all Beneficiaries and (iii) oversee and direct the liquidation of the Trust

Assets held by it for the benefit of the Beneficiaries pursuant to the terms of the Plan and this Trust Agreement. This Trust Agreement is executed to establish the Trust and to facilitate implementation of the Plan.

E.     The primary purpose of the Trust is to, in accordance with the dictates of the Plan and Confirmation Order, (i) oversee and direct the preservation and, if required, the liquidation and distribution of the Trust Assets for the benefit of the Beneficiaries in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) distribute any proceeds of the Trust Assets received by the Trust to the Beneficiaries if and when required by the Plan and the Confirmation Order. The Trust will not be operated with the objective of continuing or engaging in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the value of the Trust Assets, and consistent with the purpose of the Trust.

F.     This Trust is intended to qualify as a "grantor trust" for federal income tax purposes and the Plan Trustee shall operate and maintain the Trust in compliance with the guidelines for liquidating trusts as set forth in Internal Revenue Service Revenue Procedure 94-45, 1994-2 C.B. 684, and Treasury Regulation Section 1.671-4(a) and all subsequent guidelines regarding liquidating trusts issued by the Internal Revenue Service.

## ARTICLE I
## DEFINITIONS

**Section 1.01 Definitions.**

For purposes of this Trust Agreement, unless the context otherwise requires, the following terms will have the definitions indicated below, all of which definitions are substantive terms of this Trust Agreement. Capitalized terms used in this Trust Agreement

DocID: 4845-2854-8521.1

that are not otherwise defined herein have the meanings ascribed to them in the Plan or in the Bankruptcy Code, as appropriate. Defined terms include, as appropriate, all genders and the plural as well as the singular.

a.      "Accounts" means the bank accounts that the Trustee deems necessary.

b.      "Beneficiaries" means the holders of Claims that are Allowed Claims and their permitted transferees as defined in the Plan and as the same shall appear in the records of the Plan Trustee, from time to time; provided, however, that upon the payment in full in accordance with the Plan and the Confirmation Order of the holder of an Allowed Claim, such holder shall cease to be a Beneficiary of the Trust.

c.      "Business Day" means any day other than a Saturday, a Sunday or a day on which national banking associations or state banking institutions in the city in which the Plan Trustee is located are authorized or obligated by law or executive order or governmental decree to be closed.

d.      "Cause" means a termination of the Plan Trustee that is a result of (i) such person's felony conviction, (ii) such person's continued action or conduct that impedes or impairs the effective operation and management of the Trust or (iii) such person's willful and continued failure to substantially perform its duties in accordance with the Trust Agreement (other than any such failure resulting from such person's incapacity due to physical or mental illness or any such actual or anticipated failure resulting from a resignation by such person), as determined by the Bankruptcy Court.

DocID: 4845-2854-8521.1

e.     "Claim Litigation" means any and all ongoing litigation involving the Transferor and any of the Beneficiaries, as well as all causes of action owned by the Bankruptcy Estate.  The term includes all appeals involving such litigation.

f.     "Distribution Date" means the dates that the Plan of Liquidation specify payments are to be made to Beneficiaries, except on the Final Distribution Date; provided, further, that the Plan Trustee may in its sole discretion make distributions in addition to, or in lieu of, distributions to be made on each Distribution Date. For each individual Beneficiary, the Distribution Date will be the later of forty-five (45) days after the Beneficiary's claim against the Bankruptcy Estate becomes final and non-appealable under applicable law or such date that the Plan Trustee, in its sole discretion, determines that adequate funds exist to make such distribution to the Beneficiary.

g.     "Eligible Institution" means a depository institution organized under the laws of the United States of America or any one of its states or the District of Columbia, the deposits in which are insured by the Federal Deposit Insurance Corporation and that is an authorized depository by the Office of the United States Trustee to hold Chapter 11 Debtor in Possession funds for cases pending in the Western District of Texas.

h.     "Eligible Investments" means book-entry securities entered on the books of the applicable registrar and held in the name of the Plan Trustee or its nominee and negotiable instruments or securities represented by instruments in bearer or registered form (registered in the name of the Plan Trustee or its nominee) that evidence:

(i)     direct obligations of, or obligations fully guaranteed as to timely payment by, the United States of America or any agency thereof; and,

4

(ii)     certificates of deposit (having original maturities of no more than 270 days) of depository institutions or trust companies incorporated under the laws of the United States of America or any one of its states (or domestic branches of foreign banks), subject to supervision and examination by federal or state banking or depository institution authorities, and having, at the time of the Trust's investment or contractual commitment to invest therein, the highest short-term unsecured debt rating from either S&P or Moody's.

i.     "Final Decree" has the meaning ascribed thereto in Section 6.01.

j.     "Final Distribution Date" means the Distribution Date on which the Plan Trustee distributes the remaining proceeds of the Trust Assets immediately prior to the dissolution of the Trust.

k.     "Fiscal Year" means the calendar year that, unless otherwise provided by the Plan Trustee, will be the Trust's tax and accounting reporting period.

l.     "Litigation Account" has the meaning ascribed thereto in Section 5.02(a)(ii).

m.     "Moody's" means Moody's Investors Service, Inc.

n.     "Person" means an individual, corporation, business trust, partnership, joint venture, association, joint stock company, limited liability company, trust, entity or unincorporated association.

o.     "Record Date" means the fifteenth Business Day preceding each Distribution Date.

DocID: 4845-2854-8521.1

p. "Trust" means the trust created pursuant to this Trust Agreement in accordance with the Plan.

q. "Trust Assets" means (i) the assets listed on Exhibit 1, (ii) the Assets from time to time transferred to the Trust, (iii) such additional or different corpus as the Plan Trustee may from time to time hold in trust or receive on behalf of the Beneficiaries of the Trust, (iv) the Litigation Claims, (v) the Avoidance Actions and (vi) all proceeds of the foregoing (including, without limitation, "proceeds" as defined in the Uniform Commercial Code.

r. "Trust Office" means the business office of the Plan Trustee, as defined by the Plan and Confirmation Order.

**Section 1.02 Rules of Construction.**

Except as otherwise expressly provided in this Trust Agreement or unless the context otherwise clearly requires:

a. References to designated articles, sections, and other subdivisions of this Trust Agreement, such as "Section 6.12 (a)", refer to the designated article, section, or other subdivision of this Trust Agreement as a whole and to all subdivisions of the designated article, section, or other subdivision. The words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this Trust Agreement as a whole and not to any particular article, section or other subdivision of this Trust Agreement.

b. Any term that relates to a document or a statute, rule, or regulation includes any amendments, modifications, supplements or any other changes that may have occurred

DocID: 4845-2854-8521.1

since the document, statute, rule, or regulation came into being, including changes that occur after the date of this Trust Agreement.

c.     Any party may execute any of the requirements under this Trust Agreement either directly or through others, and the right to cause something to be done rather than doing it directly shall be implicit in every requirement under this Trust Agreement. Unless a provision is restricted as to time or limited as to frequency, all provisions under this Trust Agreement are implicitly available from time to time.

d.     The term "including" and all its variations mean "including, but not limited to." Except when used in conjunction with the word "either," the word "or" is always used inclusively (for example, the phrase "A or B" means "A or B or both," not "either A or B but not both").

e.     All accounting terms used in an accounting context and not otherwise defined shall be construed in accordance with generally accepted accounting principles.

f.     In the computation of a period of time from a specified date to a later specified date or an open-ended period, the word "from" means "from and including" and the words "to" or "until" mean "to but excluding." Likewise, in setting deadlines or other periods, "by" means "on or before," and "after" means "from and after."

All terms defined in this Trust Agreement shall have the defined meanings when used in any certificate or other document made or delivered pursuant hereto unless otherwise defined therein.

DocID: 4845-2854-8521.1

# ARTICLE II
## ORGANIZATION

**Section 2.01 Name**.

This Trust shall be known as "360 Mortgage Group, LLC Plan Trust", in which name the Plan Trustee may issue securities to the Beneficiaries and otherwise conduct the business of the Trust.

**Section 2.02 Office.**

The office of the Trust shall be in care of the Plan Trustee at its Trust Office or at any other address in the State of Texas that the Plan Trustee may designate by written notice to the Beneficiaries.

**Section 2.03 Declaration of Trust.**

For good and valuable consideration, the receipt of which is hereby acknowledged by the undersigned, and pursuant to the terns of the Plan, the Transferor executes this Trust Agreement and, subject to the provisions of Section 2.06 below, irrevocably transfer, absolutely assign, bargain, sell, convey, set over, and deliver to the Plan Trustee, and its successors and assigns, all of their right, title and interest in and to the Assets transferred pursuant to the Plan in trust to and for the benefit of the Beneficiaries for the uses and purposes stated herein and in the Plan, except as may otherwise be specifically provided by the Plan. Effective as of the date hereof, the Plan Trustee shall have all the rights, powers and duties set forth herein and pursuant to applicable law for accomplishing the purposes of the Trust. The Plan Trustee is hereby authorized to file with the Secretary of State of the State of Texas any documents necessary to establish the Trust.

DocID: 4845-2854-8521.1

**Section 2.04 Appointment of Plan Trustee.**

The Plan Trustee is hereby appointed as trustee of the Trust effective as of the date hereof, to have all the rights, powers and duties set forth herein.

**Section 2.05 Acceptance of Trust.**

The Plan Trustee accepts the Assets and agrees to hold and administer the Trust Assets for the benefit of the Beneficiaries subject to the terms and conditions of this Trust Agreement and the Plan.

**Section 2.06 Tax Treatment of Trust.**

Only for United States federal and applicable state income tax purposes, the transfer of the Assets to the Trust pursuant to and in accordance with the Plan shall be reported as a disposition of the Assets directly to and for the benefit of the Beneficiaries immediately followed by a contribution of the Assets by the Beneficiaries to the Trust for the benefit of the Beneficiaries. The Beneficiaries will be treated as the grantors and owners of the Trust.

**Section 2.07 Conveyance of Assets and Valuation.**

Except as otherwise provided by the Plan or this Trust Agreement, upon the Effective Date of the Plan, title to the Assets shall pass to the Trust free and clear of all Claims and Interests in accordance with Section 1141 of the Bankruptcy Code to be utilized exclusively by the Plan Trustee to fulfill the purpose of the Trust. The valuation of the Assets approved by the Bankruptcy Court as part of the confirmation process shall be consistently used by the Plan Trustee and the Beneficiaries for all United States federal and

DocID: 4845-2854-8521.1

applicable state income tax reporting purposes but shall not limit the Plan Trustee in regard to pricing the Assets in conjunction with their sale.

**Section 2.08 Nature and Purpose of the Trust.**

a.        Purpose. The Trust is a liquidating trust pursuant to which the Plan Trustee is to (i) hold the Trust Assets and dispose of the same in accordance with this Trust Agreement and the Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the liquidation of the Trust Assets. Accordingly, the primary purpose of the Trust is to liquidate the Assets transferred to it pursuant to the Plan and Confirmation Order with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Trust Assets, and consistent with, the liquidating purpose of the Trust.

b.        Manner of Acting. The Plan Trustee shall oversee the liquidation of the Trust Assets in a cost-effective manner in a reasonable time as required by the Plan and Confirmation Order, with due regard for the risk that undue haste may minimize the liquidation proceeds of a particular Trust Asset. The Plan Trustee shall make continuing efforts to dispose of the Trust Assets, make timely distributions and not unduly prolong the duration of the Trust. In overseeing the selling of the Trust Assets, or otherwise monetizing them, the Plan Trustee will use its best efforts to maximize the amount of the proceeds derived therefrom. The liquidation of the Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise subject to the terms of the Plan. Notwithstanding anything to the contrary contained herein, the Trust shall not be permitted

DocID: 4845-2854-8521.1

to receive or retain cash or cash equivalents in excess of a reasonable amount to: (i) meet all distributions, Administrative Expenses, Claims and contingent liabilities; (ii) establish such reserves as provided herein and in the Plan; or (iii) preserve or enhance the liquidation value of the Trust Assets during the term of the Trust.

c.      Relationship. This Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Plan Trustee or Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures. The relationship of the Beneficiaries to the Plan Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Trust Agreement.

**Section 2.09 Incorporation of Plan.**

The Plan is hereby incorporated into this Trust Agreement and made a part hereof by this reference; provided, however, that in the event of any conflict between the terms of the Plan and this Trust Agreement, the terms of the Plan will control and govern.

**Section 2.10 Status of Plan Trustee.**

The Plan Trustee will directly and indirectly be the representative of the Debtor's Estate as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code and will have the rights and powers provided for in the Bankruptcy Code, including Section 1107 thereof, in addition to any rights and powers granted in this Trust Agreement and in the

DocID: 4845-2854-8521.1

Plan. The Plan Trustee will be the successor-in-interest to the Debtor with respect to the Plan Obligations and Claim Litigation and any action that was or could have been commenced by the Debtor prior to the Effective Date and shall be deemed substituted for the same as the party in such litigation without the need for formal substitution as the party in such litigation. All actions, claims, rights of interests constituting Trust Assets, are preserved and retained and may be enforced by the Plan Trustee as the representative of the Debtor's Estate pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code, the Plan and the Confirmation Order. The Plan Trustee will be a party-in-interest as to all matters over which the Bankruptcy Court has jurisdiction or retains jurisdiction under the Plan.

**Section 2.11 Trust Advisory Committee**

The Plan Trustee will establish a trust advisory committee comprised of Andrew WeissMalik and Jonathan M. Greco ("Trust Advisory Committee"). The Plan Trustee will consult with the Trust Advisory Committee on significant issues regarding the implementation of the Plan, the Trust, and ongoing litigation involving the Debtor and/or the Trust.

## ARTICLE III
## BENEFICIARIES
**Section 3.01 Rights of Beneficiaries.**

Each Beneficiary will be entitled to participate in the rights due to a Beneficiary hereunder. Each Beneficiary shall take and hold its uncertificated beneficial interest subject to all of the terms and provisions of this Trust Agreement and the Plan. The interest of a Beneficiary of the Trust is in all respects personal property, and upon the death, insolvency or incapacity of an individual Beneficiary, such Beneficiary's interest shall pass

DocID: 4845-2854-8521.1

to the legal representative of such Beneficiary and such death, insolvency or incapacity shall not terminate or affect the validity of this Trust Agreement. A Beneficiary shall have no title to, right to, possession of, management of, or control of, the Trust Assets except as herein expressly provided. No surviving spouse, heir or devisee of any deceased Beneficiary shall have any right of dower, homestead, or inheritance, or of partition, or any other right, statutory or otherwise, in the Trust Assets, but the whole title to all the Trust Assets shall be vested in the Plan Trustee and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Trust Agreement.

**Section 3.02 Limit on Transfer of Interests of Beneficiaries.**

The interest of a Beneficiary in the Trust shall be transferable as provided in the Plan, subject to any reasonable limitations that may be placed thereon by the Plan Trustee.

Prior to any intended transfer, assignment, hypothecation, pledge, exchange, or conveyance of a beneficial interest in the Trust, the transferring Beneficiary shall submit to the Plan Trustee such documents as are required by Bankruptcy Rule 3001(e) and file such documents with the Bankruptcy Court.

**Section 3.03 No Legal Title in Beneficiaries.**

No Beneficiary shall have legal title to any part of the Trust Assets. No transfer by operation of law or otherwise, of the right, title and interest of any Beneficiary in and to the Trust Assets or hereunder shall operate to terminate this Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Trust Assets.

DocID: 4845-2854-8521.1

# ARTICLE IV
## THE PLAN TRUSTEE

**Section 4.01 Appointment and Tenure of Plan Trustee.**

The Plan Trustee will initially be appointed in the Plan and Confirmation Order. The Plan Trustee shall be subject to approval by the Bankruptcy Court as part of the Confirmation Hearing. The Plan Trustee shall serve as trustee until his or her successor shall have been appointed in accordance with Section 4.02 or until resignation, death or removal.

**Section 4.02 Tenure. Removal, and Replacement of the Plan Trustee.**

Subject to the provisions of Section 4.01 above, the authority of the Plan Trustee will be effective as of the Effective Date and will remain and continue in full force and effect until all of the Assets are liquidated in accordance with the Plan, the Net Distributable Cash has been completely distributed in accordance with the provisions of the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities, and the Order closing the Chapter 11 Case is a Final Order. The service of the Plan Trustee will be subject to the following:

a. The Plan Trustee will serve until death, resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below;

b. The Plan Trustee may resign at any time by providing a written notice of resignation to the Bankruptcy Court. Such resignation will be effective when a successor is appointed as provided herein;

DocID: 4845-2854-8521.1

c. The Plan Trustee may be removed for cause, which shall be effective upon approval by the Bankruptcy Court; provided, however, that the Bankruptcy Court shall retain jurisdiction to remove and replace the Plan Trustee;

d. In the event of a vacancy in the position of the Plan Trustee (whether by removal, death or resignation), the vacancy will be filled by the appointment of a successor Plan Trustee by the Bankruptcy Court;

e. Immediately upon approval of any successor Plan Trustee by the Bankruptcy Court, all rights, powers, duties, authority, and privileges of the predecessor Plan Trustee hereunder will be vested in and undertaken by the successor Plan Trustee without any further act; and the successor Plan Trustee will not be liable personally for any act or omission of the predecessor Plan Trustee; and

f. Upon the resignation of the Plan Trustee and the appointment of a successor, the resigning Plan Trustee will, if applicable, convey, transfer, and set over to the successor by appropriate instrument or instruments all of the funds, if any, then unconveyed or otherwise undisposed of and all other assets then in its possession and held hereunder.

**Section 4.03 Acceptance of Appointment by Successor Plan Trustee.**

Any successor Plan Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the retiring Plan Trustee hereunder and thereupon the successor Plan Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Trust hereunder with like effect as if originally named herein; but the retiring Plan

DocID: 4845-2854-8521.1

Trustee nevertheless shall, if applicable, when requested in writing by the successor Plan Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Plan Trustee upon the trust herein expressed, all the estates, properties, rights, powers and trusts of such retiring Plan Trustee, and shall duly assign, transfer, and deliver to such successor Plan Trustee all property and money held hereunder.

**Section 4.04 Authority.**

Subject to any limitations contained in, or as otherwise provided by this Trust Agreement, the Texas Trust Code or in the Plan and Confirmation Order, the Plan Trustee shall have the powers, authorities and duties set for in the Texas Trust Code, as found in Chapters 111 through 117 of the Texas Property Code, including by way of illustration and not of limitation:

a.  to liquidate or direct the Transferor to liquidate any and all of the Trust Assets in accordance with the terms of this Trust Agreement, the Plan, and the Confirmation Order;

b.  to manage, sell, transfer, assign or deal in any other manner with any of the Trust Assets in such manner not otherwise provided for herein as the Plan Trustee may deem advisable consistent with the terms of the Plan and Confirmation Order;

c.  to release, convey or assign or direct the Transferor to release, convey or assign any right, title or interest in or to the Trust Assets or any portion thereof; and to do or direct the Transferor to do all things necessary or appropriate to perform any obligations required to be performed by the Trust under the terms of any agreement for the sale of any of the Trust Assets, including the execution and delivery of any

DocID: 4845-2854-8521.1

deeds, assignments, bills of sale or other instruments of conveyance necessary or appropriate to transfer and convey such assets;

d.      to undertake any actions necessary or desirable to operate or conduct the affairs of the Trust, including entering into contracts and other agreements and any other action necessary to preserve or enhance the liquidation value of the Trust Assets;

e.      to collect, receive, hold, manage, invest and distribute any and all money and other property of whatsoever kind or nature due or owing or belonging to the Trust and to give full discharge and acquaintance therefore,

f.      pending sale or other disposition or distribution, to retain or direct the Transferor to retain all or any Assets constituting part of the Trust Assets regardless of whether or not such Assets are, or may become, under productive unproductive or a wasting asset (the Plan Trustee shall be permitted to keep any part of the Trust Assets as may be in cash, or as may be converted into cash, uninvested for a reasonable period of time and the Plan Trustee shall not be chargeable with interest thereon);

g.      to form or direct the Transferor to form any entity, including a trust, and sell, transfer, convey or assign or direct the Transferor to sell, transfer, convey or assign all or any part of the Trust Assets, liabilities, profits or losses to such entity formed by the Plan Trustee, and to convert the beneficial interest of the Beneficiaries into beneficial interests, or any other interest, of such entity formed pursuant to the action or direction of the Plan Trustee;

h.      subject to the terms of the Plan and Confirmation Order, to retain and set aside funds out of the Trust Assets as the Plan Trustee shall deem necessary or

DocID: 4845-2854-8521.1

appropriate to pay, or provide for the payment of: (i) the unpaid liabilities, debts or obligations of the Trust, (ii) contingencies, and (iii) the expenses of administering the Trust Assets;

i.  to do and perform or to direct the Transferor to do or perform any acts or things necessary or appropriate for the conservation and protection of the Trust Assets, including any acts or things necessary or appropriate to maintain Assets held by the Plan Trustee or the Transferor pending sale or other disposition thereof or distribution thereof to the Beneficiaries, and in connection therewith to employ brokers or other agents and to confer upon them such authority as the Plan Trustee may deem necessary or appropriate, and to pay reasonable compensation therefore,

j.  in accordance with Section 1123(b)(3)(B) of the Bankruptcy Code, the Plan and this Trust Agreement, to engage in, intervene in, prosecute, join, defend, compound, settle, compromise, abandon or adjust, by arbitration or otherwise, any actions, suits, proceedings, disputes, claims, controversies, demands or other litigation relating to the Plan, the Trust, the Trust Assets or the Trust's affairs, to enter into agreements relating to the foregoing, whether or not any suit is commenced or claim accrued or asserted and, in advance of any controversy, to enter into agreements regarding arbitration, adjudication or settlement thereof, all in the name of the Trust if necessary or appropriate and institute or continue actions that were or otherwise could have been brought by the Debtor, and prosecute or defend all litigation or appeals on behalf of the Debtor and, when appropriate, settle

DocID: 4845-2854-8521.1

such actions and claims; provided, however, that the Plan Trustee shall obtain Bankruptcy Court approval prior to any settlement of the Litigation Claims;

k.      in accordance with Section 1123(b)(3) of the Bankruptcy Code, to own and retain, and prosecute, enforce, compromise, settle, release, or otherwise dispose of, any and all claims, defenses, counterclaims, setoffs, and recoupments belonging to the Debtor or the Debtor's Estate; provided, however, that the Plan Trustee shall obtain Bankruptcy Court approval prior to any settlement of the Litigation Claims;

l.      to file any and all documents and take any and all such other action as the Plan Trustee, in its sole judgment, may deem necessary in order that the Plan Trustee may lawfully carry out the purposes of the Trust in any jurisdiction;

m.      to review all Claims in the Chapter 11 Case and file or litigate objections to the allowance of Claims and seek to estimate them if necessary;

n.      to pay and discharge or direct the Transferor to pay and discharge any costs, expenses, professional fees, or obligations deemed necessary to preserve or enhance the liquidation value of the Trust Assets, discharge duties under the Plan or perform the purpose of the Plan and this Trust Agreement; payment of such fees and expenses will not require Bankruptcy Court approval;

o.      to open and maintain bank accounts and deposit funds, draw checks, and make disbursements in accordance with the Plan and this Trust Agreement;

p.      to select and engage such Persons, if necessary, and select and engage such professional advisors, including, without limitation, the Plan Trustee's own law firm and/or any Professional previously retained by the Debtor, in accordance with

DocID: 4845-2854-8521.1

the terms of the Plan and this Trust Agreement, as the Plan Trustee deems necessary and desirable to assist it in fulfilling its obligations under this Trust Agreement and the Plan and pay the reasonable fees of such Persons and reimburse such Persons for their reasonable out-of-pocket costs and expenses. To the extent that the Plan Trustee is licensed and capable of doing so, the Plan Trustee may serve as its own attorney, accountant, and/or tax specialist in conjunction with any of the rights, powers, and duties of the Plan Trustee under the Plan;

q.    to sue and be sued;

r.    to enforce, waive, assign, or release rights, privileges, or immunities of any kind;

s.    to vote any share or shares of stock or interests and otherwise exercise the rights appurtenant to ownership of such stock or interests;

t.    to in general, without in any manner limiting any of the foregoing, deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful for any person owning the same to deal therewith, whether similar to, or different from the ways herein specified, but in all events subject to and consistent with the terms of the Plan;

u.    to obtain and pay for insurance coverage relative to the proper performance of its duties under the Plan and this Trust Agreement, and to indemnification for itself and others provided for in the Plan, and this Trust Agreement;

v.    to establish and maintain the Accounts, and establish such additional reserves, funds, and accounts out of the Trust Assets as may be necessary for carrying out the provisions of this Trust Agreement that are consistent with the terms of the Plan;

DocID: 4845-2854-8521.1

w.      as soon as is practicable, ask the Bankruptcy Court to enter the Final Decree;

x.      to seek any relief from or resolution of any disputes by the Bankruptcy Court;

y.      to appear and participate in any proceeding before the Bankruptcy Court with respect to any matter regarding or relating to the Plan or the Trust;

z.      to issue and authenticate any securities issued by the Trust;

aa.     to convert the Trust from a trust into any other type of entity, but only with Bankruptcy Court approval;

bb.     to review and object to any application for Professional Fees; and

cc.     without limitation, to do or direct the Transferor to do any and all things necessary to accomplish the purposes of the Plan and this Trust Agreement.

In addition, the Plan Trustee shall have the right to seek Bankruptcy Court approval of any action to be undertaken by the Trust, and the Plan Trustee shall have the authority and power provided under Section 363 of the Bankruptcy Code, including, without limitation, the power to sell any Trust Asset free and clear of any Liens, pursuant to the provisions of the Plan and Confirmation Order.

**Section 4.05 Authority with respect to Avoidance Actions and Litigation Claims.**

The Plan Trustee shall obtain Bankruptcy Court approval of the settlement or pursuit of all litigation involving the Plan Trustee or Trust Assets, including the Claim Litigation.

DocID: 4845-2854-8521.1

**Section 4.06 Compensation and Reimbursement of Plan Trustee and Professionals.**

The Plan Trustee shall be compensated for services in the administration of the Trust under the terms and conditions approved by the Bankruptcy Court at the Confirmation Hearing and as specified in the Confirmation Order. Any professionals or any Person retained by the Plan Trustee pursuant to the Plan will be entitled to reasonable compensation for services rendered at a rate reflecting actual time billed by such professional or Person on an hourly basis, at the standard billing rates in effect at the time of service or such other rate or basis of compensation that is reasonable. All reasonable out-of-pocket expenses incurred by the Plan Trustee or any other professional or other Person retained by the Plan Trustee pursuant to the Plan will be reimbursable as an expense of the Trust. All entities paid pursuant to this Section shall first seek approval of such payment by the Bankruptcy Court.

**Section 4.07 No Implied Obligations.**

No other further covenants or obligations shall be implied into this Trust Agreement. The Plan Trustee shall not be responsible in any manner whatsoever for the correctness of any recital, statement, representation, or warranty herein, or in any documents or instrument evidencing or otherwise constituting a part of the Trust Assets.

**Section 4.08 Unknown Property and Liabilities.**

The Plan Trustee shall be responsible for only that property delivered to it, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

DocID: 4845-2854-8521.1

# ARTICLE V
## ADMINISTRATION OF THE TRUST

**Section 5.01 Distributions.** Distributions by the Plan Trustee will be made pursuant to the Plan and Confirmation Order. Notwithstanding anything to the contrary contained herein, the Plan Trustee shall make distributions pursuant to and in accordance with the Plan; provided, however, that the Plan Trustee shall not be required to make *de minimis* distributions except upon the Final Distribution Date. Notwithstanding the foregoing, the Plan Trustee shall, in accordance with the Plan and on each Distribution Date, distribute to the Beneficiaries the net income of the Trust and the net proceeds from the disposition of the Trust Assets in excess of such amounts reasonably necessary to preserve or enhance the liquidation value of the Trust Assets during the term of the Trust, to pay reasonable estimated administrative expenses and to meet all Claims or other contingent liabilities. The Plan Trustee may withhold from amounts distributable to any Person any and all amounts, is determined in the Plan Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement (including, but not limited to, the "Foreign Investment in Real Property Tax Act"). Distributions shall be made to the Beneficiaries who hold such interests on the Record Date immediately preceding the Distribution Date, as required by the Plan and Confirmation Order.

**Section 5.02 Accounts: Eligible Investments.**

(a)     Creation of Accounts.

(i)    The Plan Trustee, on behalf of the Beneficiaries, shall establish and maintain in the name of the Plan Trustee at an Eligible Institution a bank account accessible only

DocID: 4845-2854-8521.1

by the Plan Trustee (the "Account"), which shall be identified as the "Account for the 360 Mortgage Group, LLC Plan Trust" and shall bear a designation clearly indicating that the funds deposited therein are held on behalf of the Beneficiaries.

(ii)     The Plan Trustee, on behalf of the Beneficiaries, shall establish and maintain in the name of the Plan Trustee at an Eligible Institution a bank account accessible only by the Plan Trustee (the "Litigation Account"), which shall be identified as the "Litigation Account for the 360 Mortgage Group, LLC Plan Trust" and shall bear a designation clearly indicating that the funds deposited therein are held on behalf of the Beneficiaries.

(iii)     The Plan Trustee may establish additional accounts as it deems necessary in its sole discretion.

(b)     Eligible Investments.

(i)     Funds on deposit in the Accounts shall be invested by the Plan Trustee in Eligible Investments selected by the Plan Trustee that will mature so that they will be available by 12:00 noon (New York City time) on the Transfer Date immediately preceding each Distribution Date.

(ii)     All interest and other investment earnings (net of losses and investment expenses) on funds on deposit in the Accounts shall be held in the respective accounts to which such interest and investment earnings relate.

(c)     Maintenance of Accounts.

The Plan Trustee shall possess all right, title and interest in and to all funds on deposit in, and all Eligible Investments, if any, credited to, and in all proceeds of, the

24

Accounts. The Accounts shall be under the sole dominion and control of the Plan Trustee on behalf of the Beneficiaries. If, at any time, any Account is held by an institution other than an Eligible Institution, the Plan Trustee shall within five Business Days establish a new Account meeting the conditions for that account in this Section and shall transfer any cash and any investments to such new account. The Plan Trustee shall be the sole Person with authorization to withdraw any amount from any Account.

### Section 5.03 Deposits into Accounts.

The Plan Trustee shall make the following deposits into the following Accounts:

(a)     the Net Litigation Recovery shall be deposited into the Litigation Account; and,

(b)     all other Cash received by the Plan Trustee shall be deposited into the Account.

### Section 5.04 Distributions from the Account.

The Plan Trustee shall make distributions from the Account to the Beneficiaries in accordance with and subject to the distribution and priority scheme set forth in the Plan and Confirmation Order.

### Section 5.05 Distribution to the Holders of General Unsecured Claims.

On each Distribution Date and to the extent that adequate funds exist, the Plan Trustee shall withdraw from the Account and distribute to each holder of an Allowed General Unsecured Claim as of the applicable payment date dictated by the Plan, an amount equal to such holder's final, non-appealable and allowed claim.

DocID: 4845-2854-8521.1

**Section 5.06 Delivery of Distributions.**

Distributions will be made by the Plan Trustee as follows:

(a)     At the addresses set forth in the proofs of Claim filed by holders of Claims (or the last known addresses of such holders if no proof of Claim is filed or if the Plan Trustee has been notified of a change of address);

(b)     At the addresses set forth in written notices of address change delivered to the Plan Trustee after the date of any related proof of Claim; or

(c)     At the addresses reflected in the Schedules if no proof of Claim has been filed and the Plan Trustee has not received a written notice of change of address.

Notwithstanding the foregoing, no distribution shall be made unless and until a Beneficiary provides the Plan Trustee with a completed and signed Internal Revenue Service Form W-9 Request for Taxpayer Identification Number and Certification.  If any distribution to a Beneficiary is returned as undeliverable or becomes a stale check, no further distributions to such Beneficiary will be made unless and until the Plan Trustee is notified of the Beneficiary's then current address, at which time all missed distributions will be made to the holder without interest. Undeliverable distributions shall be returned to the Plan Trustee until such distributions are claimed, and will be deposited by the Plan Trustee into the registry of the Bankruptcy Court pending instructions from the Bankruptcy Court.

**Section 5.07 Operating Expenses.**

The Plan Trustee will utilize the reserves (which need not be in separate accounts) as follows:

DocID: 4845-2854-8521.1

(a)      In accordance with the Plan and Confirmation Order, the Plan Trustee will draw on amounts available in the Account to pay all costs and expenses related to the care and maintenance of the Assets, including, without limitation (i) costs of selling the Assets and (ii) any expenses of the Trust (including the fees and expenses of the Plan Trustee, the operation of the Trust, and professionals in pursuing litigation, without limitation, the Avoidance Actions, Litigation Claims or otherwise).

(b)      The Plan Trustee will draw on the Account to pay all costs and expenses related to the prosecution of any Avoidance Actions or objections to Disputed Claims, including, but not limited to, the fees and expenses of the Plan Trustee and the fees and expenses of professionals retained by the Plan Trustee to assist in the prosecution of such actions or objections and in the collection and liquidation of the Trust Assets. All such fees and expenses are to be approved by the Bankruptcy Court.

**Section 5.08 Final Distribution.**

If the Plan Trustee shall determine that the remaining assets of the Trust may be conveniently distributed, or if the existence of the Trust shall terminate, the Plan Trustee shall, as expeditiously as is consistent with the conservation and protection of the Trust Assets, distribute the Trust Assets to the Beneficiaries. To the extent that any Trust Assets remain after the Final Distribution, the Plan Trustee shall take all necessary steps to return such Trust Assets to the respective Transferor and execute all necessary documents to effectuate such a return, including all releases and other documents required by the Plan and Confirmation Order.

DocID: 4845-2854-8521.1

**Section 5.09 Tax and Other Reports to Beneficiaries.**

To the extent necessary under applicable law, and as soon as practicable after the end of each Fiscal Year, and as soon as practicable upon termination of the Trust, the Plan Trustee shall submit to each Beneficiary appearing on its records as of the end of such Fiscal Year or such date of termination a separate statement for each Beneficiary setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct all such Beneficiaries to report such items on their United States federal and applicable state income tax returns. In addition, the Plan Trustee shall deliver to each Beneficiary, an annual statement on Form K-1 with the information necessary for each Beneficiary to prepare their tax returns and will furnish a statement of account to a custodian that holds a Beneficiary's IRA which evidences such Beneficiary's uncertificated beneficial interest in the Trust.

**Section 5.10 Tax Returns/Tax Matters.**

(a)    The Plan Trustee shall file all tax returns and other filings with governmental authorities on behalf of the Trust and the Trust Assets it holds for time periods ending on or before termination of this Trust. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Plan Trustee of a private letter ruling if the Plan Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Plan Trustee) the Plan Trustee shall file tax returns for the Trust as a grantor trust pursuant to Treasury Regulations Section 1.671-4(a). The Plan Trustee' filings shall also include requests for

DocID: 4845-2854-8521.1

determination of tax under Section 505(b) of the Bankruptcy Code (to the extent applicable) and responses to any tax audits. The Plan Trustee shall make available such information to the Beneficiaries as will enable them to properly file their separate tax returns and withhold and pay over any amounts required by tax law.

(b)     The Plan Trustee is authorized to act as agent for the Trust Assets in withholding or paying over any amounts required by law (including tax law) to be withheld or paid by the Trust Assets in connection with the transfer and assignment of the Assets to the Trust pursuant to the Plan. The Plan Trustee is further entitled to deduct any United States federal or applicable state withholding taxes from any payments made with respect to Allowed Claims, as appropriate, and shall otherwise comply with Section 346 of the Bankruptcy Code.

(c)     All net income of the Trust and net proceeds from the disposition of the Trust Assets shall be subject to United States federal and applicable state income taxation in the year such net income or net proceeds are realized, whether or not such amounts are immediately distributed to the Beneficiaries or retained by the Plan Trustee in such reserves necessary to meet the Disputed Claims and maintain or enhance the liquidation value of the Trust Assets.

**Section 5.11 Allocations.**

(a)     To the extent required by applicable law, all income, expense and loss realized upon full liquidation of the Trust Assets shall be allocated to each Beneficiary (in proportion to the amount of the Allowed Claim of each Holder of each Beneficiary).

DocID: 4845-2854-8521.1

(b) Notwithstanding Section 5.07(a) above, the Plan Trustee may adopt such other methods of allocating Trust taxable income and loss for federal and applicable state income tax purposes as it deems reasonable, appropriate, and necessary to ensure that all allocations are consistent with the Plan and the Beneficiaries' economic interests in the Assets.

**Section 5.12 Limitations on Plan Trustee.**

(a)    The Plan Trustee shall not at any time, on behalf of the Trust or Beneficiaries, (i) enter into or engage in any trade or business, and no part of the Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Trust in furtherance of any trade or business, except to the extent reasonably necessary to preserve and enhance the liquidation value of the Trust Assets, or (ii) except as provided below, reinvest any assets.

(b)    All moneys and other assets received by the Plan Trustee shall, until distributed or paid over as herein provided, be held in trust for the benefit of the Beneficiaries, but need not be segregated from other Trust Assets, unless and to the extent required by law or as otherwise specified in this Trust Agreement.

(c)    The Plan Trustee shall be restricted to the holding, collection, conservation, protection and administration of the Trust Assets in accordance with the provisions of this Trust Agreement and the Plan, and the payment and distribution of amounts as set forth herein for the purposes set forth in this Trust Agreement. The scope of any permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust, within the

DocID: 4845-2854-8521.1

meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements or otherwise. Any determination by the Plan Trustee as to what actions are in the best interests of the Trust shall be determinative.

**Section 5.13 Abandonment.**

On thirty (30) days' written notice to any Creditor who has a lien on the property to be abandoned, and pursuant to the Plan, the Plan Trustee may abandon any property that it determines in its reasonable discretion to be of de minimis value or burdensome to the Trust, including any pending adversary proceeding or other legal action commenced or able to be commenced by the Trust. If the affected Creditor provides a written objection to the Plan Trustee prior to the expiration of the thirty (30) day period with respect to the proposed abandonment of such property, then such property may only be abandoned pursuant to an application made to the Bankruptcy Court.

**Section 5.14 Further Authorization.**

The Plan Trustee and  shall be entitled to seek such orders, judgments, injunctions and rulings as deemed necessary to carry out the intentions and purposes, and to give full effect to the provisions, of the Plan and this Trust Agreement.

**Section 5.15 Protection of Persons Dealing with the Plan Trustee.**

Any transfer of the Trust Assets, or any part thereof, shall bind the Beneficiaries and shall be effective to transfer all right, title and interest of the Plan Trustee and the Beneficiaries in and to the Trust Assets or such part thereof. Any person dealing with the

31

Plan Trustee shall be fully protected in relying upon a certificate signed by the Plan Trustee that he has authority to take any action under this Trust Agreement.

## ARTICLE VI
## DURATION OF TRUST

**Section 6.01 Duration of Trust.**

This Trust shall terminate on the later of (i) the date of entry by the Bankruptcy Court of the final decree that fully and finally closes the Chapter 11 Cases (the "Final Decree"); or (ii) the date upon which all of the Trust Assets has been distributed to the Beneficiaries and there are no remaining assets expected to be received in the Trust Assets, provided, however, that the Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date or such later date as the Bankruptcy Court so determines is appropriate. On or prior to such termination date, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Trust upon a finding by the Bankruptcy Court that the extension is necessary for the liquidating purposes of the Trust. Extensions may be obtained so long as each extension is approved by the Bankruptcy Court six months prior to the expiration of the original term and each extended term.

**Section 6.02 Continuance of Trust for Winding Up.**

After the termination of the Trust and for the purpose of liquidating and winding up the affairs of the Trust, the Plan Trustee shall continue to act as such until its duties have been fully performed. Upon distribution of the entire Trust Assets and entry of the Final Decree and unless ordered otherwise by the Bankruptcy Court as part of the Final Decree, the Plan Trustee shall retain for a period of two (2) years the books, records, Beneficiary lists, and certificates and other documents and files that shall have been delivered to or

DocID: 4845-2854-8521.1

created by the Plan Trustee. Subject to the Final Decree, at the Plan Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Trust, final distribution of the entire Trust Assets and entry of the Final Decree, the Plan Trustee shall have no further duties or obligations hereunder.

## ARTICLE VII
## INDEMNIFICATION; LIMITATIONS ON LIABILITY

### Section 7.01 General Indemnification.

The Trust shall indemnify and hold harmless any Person who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such Person is or was the Plan Trustee, or an employee of the Trust, or an agent, attorney, accountant or other professional for the Plan Trustee, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent, except to the extent such liability is determined to be the result of willful misconduct or gross negligence. Costs or expense incurred by any such entity in defending any such action, suit or proceeding may be paid by the Trust in advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Plan Trustee. The Plan Trustee may in its discretion purchase and maintain insurance on behalf of any Person who is or was a beneficiary of this provision. From and after the Effective Date, the Trust will indemnify and hold harmless (i) the

DocID: 4845-2854-8521.1

Bankruptcy Counsel of the Debtor, (ii) the Plan Trustee, (iii) all of the respective professional advisors, attorneys, consultants, or agents of the Debtor, and the parties identified in clauses (i) through (iii), and (iv) all of the members or former members, agents, employees, representatives, financial advisors, attorneys, consultants, affiliates, successors or assigns of the parties identified in clauses (i) through (iii) (the parties in clauses (i) through (iv) collectively, the "Indemnified Parties") from against any and all liabilities (fixed or contingent), obligations, losses, claims, actions, suits, costs, damages, expenses (including legal fees and expenses), disbursements, amounts paid in settlement, judgments, fines of any kind and nature whatsoever (each, an "Indemnity Claim"), which may at any time be made, assessed, imposed on, asserted against or otherwise incurred by any Indemnified Party in connection with, relating to, or arising out of, the Chapter 11 Cases, the preparation for the Chapter 11 Cases, any settlement related to the Chapter 11 Cases, the negotiation and execution of the Plan, the negotiation and pursuit of Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, except for such Indemnified Party's acts or omissions constituting willful misconduct, as finally determined by a court of competent jurisdiction. In each instance where there is an Indemnity Claim or potential Indemnity Claim for which any Indemnified Party is or may be entitled to seek indemnification, the Indemnified Party must notify the Plan Trustee in writing of such Indemnity Claim and shall furnish to the Plan Trustee copies of all notices, service of process, pleadings and other pertinent written communications from the party asserting such Indemnity Claim. The Trust will promptly advance any legal fees and expenses incurred by an Indemnified Party and reimburse any Indemnity Claim. If an

DocID: 4845-2854-8521.1

Indemnified Party's actions or omissions are found to constitute willful misconduct, as finally determined by a court of competent jurisdiction, any funds transferred by the Trust to such Indemnified Party in connection with the related Indemnity Claim shall be promptly reimbursed. Any Indemnified Party may in its sole discretion retain its choice of legal counsel in connection with any Indemnity Claim. No former officer, director, employee, agent or insider of the Debtor is hereby indemnified for any of their actions or omissions prior to the Petition Date, except to the extent set forth above in this Section 7.01.

**Section 7.02 No Recourse.**

Except as provided in the Plan and this Trust Agreement, no recourse shall ever be had, directly or indirectly, against the Plan Trustee personally, or against any agent, attorney, accountant or other professional for the Plan Trustee, by legal or equitable proceedings, or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Plan Trustee under the Plan, this Trust Agreement, or by reason of the creation of any indebtedness by the Plan Trustee under the Plan or this Trust Agreement for any purpose authorized by the Plan or this Trust Agreement, it being expressly understood and agreed that all such liabilities, covenants and agreements shall be enforceable only against and be satisfied only out of the Trust Assets or such part thereof as shall under the terms of any such agreement be liable therefore or shall be evidence only of a right of payment out of the Trust Assets.

DocID: 4845-2854-8521.1

### Section 7.03 Limited Liability.

The Plan Trustee shall not be liable for any act it may do or omit to do as the Plan Trustee while acting in good faith and in the exercise of its reasonable judgment, and the fact that such act or omission was advised by an authorized attorney for the Plan Trustee, shall be evidence of such good faith and reasonable judgment; nor shall the Plan Trustee be liable in any event except to the extent determined to be the result of its own gross negligence or willful fraud or willful misconduct. The foregoing limitation on liability will apply equally to the agents and/or employees of the Plan Trustee acting on behalf of the Plan Trustee in the fulfillment of the Plan Trustee's duties under the Plan and this Trust Agreement. Neither the Plan Trustee nor any of the Beneficiaries shall be personally liable with respect to any liabilities or obligations of the Trust or any liabilities or obligations relating to the Trust Assets, including, without limitation, those arising under this Trust Agreement or with respect to the Trust or the Trust Assets, and all persons dealing with the Trust must look solely to the Trust Assets for the enforcement of any claims against the Trust or the Trust Assets.

### Section 7.04 No Liability for Acts of Predecessor.

No successor Plan Trustee shall be in any way responsible or liable for the acts or omissions of any predecessor Plan Trustee in office prior to the date on which such Person becomes the Plan Trustee, nor shall such successor Plan Trustee be obligated to inquire into the validity or propriety of any such act or omission unless such successor Plan Trustee expressly assumes such responsibility. Any successor Plan Trustee shall be entitled to accept as conclusive any final accounting and statement of Trust Assets furnished to such

DocID: 4845-2854-8521.1

successor Plan Trustee by the predecessor Plan Trustee and shall further be responsible only for those Trust Assets included in such statement.

**Section 7.05 Express Exculpatory Clauses in Instruments.**

As far as practicable, the Plan Trustee shall cause any written instrument creating an obligation of the Trust to include a reference to this Trust Agreement and to provide that neither the Beneficiaries nor the Plan Trustee shall be liable thereunder and that the other parties to such instrument shall look solely to the Assets for the payment of any claim thereunder or the performance thereof; provided, however, that the omission of such provision from any such instrument shall not render any Beneficiary or the Plan Trustee liable nor shall the Plan Trustee be liable to anyone for such omission.

**ARTICLE VIII**
**MISCELLANEOUS PROVISIONS**

**Section 8.01 Notices.**

All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic facsimile communication, as evidenced by a confirmed fax transmission report; (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

To the Trustee:

_____

DocID: 4845-2854-8521.1

with a copy to:

Lynn Hamilton Butler
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1179 (direct)
(512) 479-1101 (fax)
lynn.butler@huschblackwell.com

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic facsimile communication, on the date of transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

**Section 8.02 Effectiveness.**

This Trust Agreement shall become effective upon the Effective Date of the Plan.

**Section 8.03 Counterparts.**

This Trust Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

**Section 8.04 Governing Law.**

Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, this Trust Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of Texas**.**

DocID: 4845-2854-8521.1

**Section 8.05 Severability of Provisions.**

Any provision of this Trust Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Trust Agreement or affecting the validity or enforceability of any of the terms or provisions of this Trust Agreement in any other jurisdiction.

**Section 8.06 Entire Agreement.**

This Trust Agreement (including the Recitals), the Plan and its exhibits, and the Confirmation Order constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Trust Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Trust Agreement.

**Section 8.07 Effect of Death. incapacity or Bankruptcy of Beneficiary.**

The death, incapacity or bankruptcy of a Beneficiary during the terms of this Trust Agreement shall not operate to terminate the Trust Agreement, nor shall it entitle the representatives or creditors of the deceased Beneficiary to an accounting, or to take any

DocID: 4845-2854-8521.1

action in the courts or elsewhere for the distribution of the Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of any Beneficiary.

### Section 8.08 Effect of Trust on Third Parties.

There is no obligation on the part of any transferor of consideration to the Plan Trustee or any agent of the Plan Trustee, or on the part of any other persons dealing with the Plan Trustee or any agent of the Plan Trustee, to see the application of the consideration passing to the Plan Trustee or any agent of the Plan Trustee, or to inquire into the validity, expediency or propriety of any such transaction by the Plan Trustee or any agent of the Plan Trustee.

### Section 8.09 Waiver.

No failure or delay of any party to exercise any right or remedy pursuant to this Trust Agreement shall affect such right or remedy or constitute a waiver by such patty of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

### Section 8.10 Relationship Created.

The only relationship created by this Trust Agreement is the relationship between the Plan Trustee and the Beneficiaries. No other relationship or liability is created. Nothing contained in this Trust Agreement shall be construed so as to construe the Beneficiaries or their successors-in-interest as creating an association, partnership, or joint venture of any kind.

DocID: 4845-2854-8521.1

**Section 8.11 Tax Identification Numbers.**

The Plan Trustee shall require any Beneficiary to furnish to the Plan Trustee, (i) its employer or taxpayer identification number as assigned by the Internal Revenue Service, and (ii) such other records or documents necessary to satisfy the Plan Trustee's tax reporting obligations (including, but not limited to, certificates of non-foreign status). The Plan Trustee shall condition the payment of any distribution to any Beneficiary upon receipt of such identification number and requested documents.

**Section 8.12 Amendment of Trust Agreement.**

This Trust Agreement may be amended from time to time, without modifying the Plan, with the approval of the Plan Trustee and the Bankruptcy Court, except that the this Trust Agreement shall not be amended to materially alter the priority of Claims or distribution scheme under the Plan. In addition, any amendment of the provisions of this Trust Agreement relating to the governance of the Trust or any other material amendment of this Trust Agreement shall only be effective upon the approval of the Plan Trustee and the Bankruptcy Court.

IN WITNESS WHEREOF, the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers thereunto duly authorized as of the day and year first written above.

_____
DEBTOR


_____
TRUSTEE

DocID: 4845-2854-8521.1

**Exhibit 1**
**Assets to be Transferred from 360 Mortgage, LLC to Trust**

**[To be supplemented]**

DocID: 4845-2854-8521.1

DocID: 4845-2854-8521.1